UNITED STATES of America, Appellee,

v.

Willie M. AIKENS, Appellant.

Nos. 94–4007, 94–4096.

United States Court of Appeals,
Eighth Circuit.

Submitted April 11, 1995.

Decided Aug. 23, 1995.

---

**6.** Otto's motion for release pending appeal is     denied.

Bruce W. Simon, Kansas City, MO, argued (Austin F. Shute, on the brief), for appellant

Christina Y. Tabor, Asst. U.S. Atty., Kansas City, MO, argued, for appellee.

* THE HONORABLE RICHARD W. GOLDBERG, Judge, United States Court of International

Before MAGILL and HANSEN, Circuit Judges, and GOLDBERG,* Judge.

GOLDBERG, Judge.

A jury convicted Willie Mayes Aikens on four charges of crack cocaine distribution and one firearm offense. In addition, Mr. Aikens pleaded guilty to one associated charge of bribery. Mr. Aikens now appeals his convictions and sentence, making the following arguments: (1) the district court improperly denied his motion for judgment of acquittal based on entrapment; (2) the district court abused its discretion in refusing his proposed version of jury instructions regarding entrapment; (3) the district court abused its discretion in admitting testimony concerning anonymous complaints about his crack dealing; (4) the district court improperly rejected his request for a downward departure from his base offense level based on sentencing entrapment; and (5) the district court erred when it failed to calculate a separate base offense level in the bribery case against him. For the reasons set forth below, we affirm the convictions and sentence imposed by the district court.

## I. BACKGROUND

The Kansas City, Missouri Police Department received complaints that Willie Mayes Aikens was selling narcotics at his home. Consequently, in December of 1993, the police put Mr. Aikens' condominium under surveillance. The police observed numerous individuals entering Mr. Aikens' home and then exiting after a brief stay. On December 8, 1993, a police officer named Ginger Locke saw Mr. Aikens standing in the garage of his condominium. She approached him and asked for directions. After Mr. Aikens gave Officer Locke directions, he told her that he was listed in the phone book and asked her to call him sometime.

In December and January of 1993, Officer Locke called Mr. Aikens numerous times in order to establish rapport with him. On

Trade, sitting by designation.

January 18, 1994, Officer Locke called Mr. Aikens and told him that she had loaned her car to a friend, and that the friend had been caught with some "stuff," referring to crack cocaine, in the car. Officer Locke's story initiated a discussion about narcotics. Eventually, Mr. Aikens indicated that he could get Officer Locke "all" of the "stuff" that she wanted.

Later that day, Officer Locke drove to Mr. Aikens' home and asked him if she could buy an "eight ball," i.e. an eighth of an ounce of cocaine. Mr. Aikens asked Officer Locke if she wanted her cocaine "hard," i.e. in crack form, or "soft," i.e. in powder form. She replied that she wanted it "hard." Mr. Aikens pointed to some crack cocaine sitting on an ottoman in his den and indicated that he did not have a full "eight ball" of crack on hand. He told Officer Locke that he would have to make some more. Using equipment which he kept in his den, Mr. Aikens quickly proceeded to make crack by mixing powder cocaine with baking soda in a glass beaker, pouring water on it, heating it with a hand-held torch, baking it in a microwave, and then rinsing it with cold water. Mr. Aikens weighed some of the crack that he had made, along with some of the crack which he already possessed, on a dial-a-gram scale. He sold this crack to Officer Locke for $200.

On January 24, 1994, Officer Locke visited Mr. Aikens' home to buy more cocaine. Mr. Aikens called a supplier and arranged to get some "stuff." Mr. Aikens then had Officer Locke drive him to his supplier's Kansas City home, where he used Officer Locke's money to purchase powder cocaine. On the way back to Mr. Aikens' home, Mr. Aikens had Officer Locke stop at stores where he could buy beakers and baking powder. When Mr. Aikens and Officer Locke returned to Mr. Aikens' home, Mr. Aikens converted the powder cocaine into crack, and he sold the crack to Officer Locke.

On January 28 and February 23 of 1994, Officer Locke returned to Mr. Aikens' home and arranged to buy more crack. On each occasion, Mr. Aikens called a supplier and had Officer Locke accompany him while he obtained powder cocaine. On each occasion, Mr. Aikens converted the powder into crack upon returning to his home and sold the crack cocaine to Officer Locke.

On March 25, 1994, a grand jury indicted Mr. Aikens on four charges of crack cocaine distribution in violation of 21 U.S.C. § 841, and one use of a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). In May of 1994, Mr. Aikens was indicted on one charge of bribery in violation of 18 U.S.C. § 201(b)(1)(C) because he had offered a public official $100 to submit a false urine specimen for drug testing in order to avoid revocation of his pretrial release bond pending trial on the cocaine and firearm charges. On August 17, 1994, a jury convicted Mr. Aikens of the crack cocaine distribution and firearm charges. On August 31, 1994, Mr. Aikens pleaded guilty to the charge of bribery. At a combined sentencing hearing held on December 12, 1994, Mr. Aikens received a 188 month sentence on the cocaine counts and a concurrent 180 month sentence on the bribery count. In addition, Mr. Aikens received a consecutive 60 month sentence for the firearm count. The court also assessed a total of $18,300 in fines against him.

## II.  *DISCUSSION*

### A.  *Entrapment*

On appeal, Mr. Aikens first argues that the district court improperly denied his motion for judgment of acquittal based on entrapment. More specifically, Mr. Aikens argues that the district court should have granted the motion for acquittal because the police entrapped him into selling crack cocaine instead of powder cocaine. We do not agree.

Ordinarily, the issue of entrapment is for the jury to decide. *United States v. Pfeffer*, 901 F.2d 654, 656 (8th Cir.1990). The trial court, however, may find entrapment as a matter of law and enter a judgment of acquittal when the evidence clearly establishes the existence of the elements of entrapment. *Id.* Consequently, Mr. Aikens must establish entrapment as a matter of law in order to show that the trial court improperly denied his motion for judgment of acquittal. *Id.; United States v. Crump*, 934 F.2d 947, 956 (8th Cir.1991).

■ In determining whether entrapment exists as a matter of law, this court examines the evidence to see whether a government agent induced the defendant to commit a crime that he was not predisposed to commit before contact with the agent. *Jacobson v. United States*, 503 U.S. 540, 548–49, 112 S.Ct. 1535, 1540–41, 118 L.Ed.2d 174 (1992); *United States v. Kummer*, 15 F.3d 1455, 1459 (8th Cir.1994). More specifically, the court looks for evidence clearly demonstrating that a government agent originated the criminal design, implanted the disposition to commit the crime in the mind of an innocent person, and then induced the commission of the crime. *Jacobson*, 503 U.S. at 548, 112 S.Ct. at 1540; *Kummer*, 15 F.3d at 1459. The court considers the evidence in the light most favorable to the government in conducting its examination. *Kummer*, 15 F.3d at 1459.

■ In this case, entrapment does not exist as a matter of law because the evidence fails to show that Officer Locke induced Mr. Aikens to sell crack, or that Mr. Aikens lacked the predisposition to sell crack before contact with the police officer. Instead of demonstrating that Officer Locke induced Mr. Aikens to sell crack, the evidence shows that Mr. Aikens offered to get Officer Locke "all" of the cocaine she wanted, in either "hard" or "soft" form, and that Officer Locke simply chose to purchase "hard" crack cocaine. Rather than showing that Mr. Aikens lacked the predisposition to sell crack, the evidence shows that Mr. Aikens possessed a great deal of skill and sophistication in effectuating the sale of crack when he met Officer Locke. *See United States v. Barth*, 990 F.2d 422, 425 (8th Cir.1993) (finding that predisposition to sell crack can be exhibited by skill and sophistication in effectuating the crack deal). Mr. Aikens demonstrated his skill and sophistication the first time that he sold the drug to Officer Locke. On that occasion, Mr. Aikens not only had crack sitting on the ottoman in his den, but he also possessed all of the equipment and knowledge that he needed to make more crack and to sell it to the officer. Because the evidence fails to show that Mr. Aikens was entrapped, we affirm the district court's decision to deny his motion for acquittal.

## B. *Jury Instructions*

Second, Mr. Aikens argues that the district court abused its discretion by offering the government's version of Eighth Circuit Pattern Instruction 9.01 regarding entrapment, rather than Mr. Aikens' version of Instruction 9.01. We find that Mr. Aikens' argument lacks merit.

■ When a defendant claims that he has been entrapped into selling crack cocaine instead of powder cocaine, he may be entitled to have instructions regarding the entrapment defense submitted to the jury. *See United States v. Shephard*, 4 F.3d 647, 650 (8th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1322, 127 L.Ed.2d 671 (1994). The defendant is not, however, entitled to particularly worded jury instructions. *United States v. Parker*, 32 F.3d 395, 400 (8th Cir. 1994) (citation omitted). The instructions given by the district court, viewed as a whole, need only cover adequately the substance of the requested instructions and state correctly the applicable law. *Id.* at 400.

■ Upon review, we find that the instructions given by the district court covered the substance of the instructions requested by Mr. Aikens, as both were modifications of Eighth Circuit Pattern Instruction 9.01. In addition, we find that the instructions given by the district court stated the applicable law correctly. Specifically, the instructions provided that the government had the burden of proving beyond a reasonable doubt that the defendant was not entrapped. *See Jacobson*, 503 U.S. at 548–49, 112 S.Ct. at 1540–41 (discussing elements of entrapment). The instructions also provided that the defendant was entrapped "[i]f the defendant before contact with Kansas City, Missouri Officer Ginger Locke did not have any intent or disposition to commit the crimes charged and was induced or persuaded by Officer Locke to commit those crimes." *Id.* They further provided that the jury could find that there was entrapment as to some acts, but not as to others. Because the instructions given by the district court covered adequately the substance of the instructions requested by Mr. Aikens and stated correctly the applicable law, we find that the district court did not

abuse its discretion by refusing Mr. Aikens' proposed jury instructions regarding entrapment.

### C. *Evidence of Anonymous Complaints*

■ Third, Mr. Aikens argues that the district court erred in allowing Officer Locke to testify that the police had received anonymous complaints about Mr. Aikens' crack dealing because such testimony constituted inadmissible hearsay. Appellant fails to recognize, however, that out of court statements are only hearsay if they are "offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c); *see, e.g., United States v. Hunt,* 749 F.2d 1078, 1083–84 (4th Cir.1984) (holding that out of court statements are not hearsay if they are offered for the limited purpose of rebutting defendant's contention that the government's investigation was improperly motivated), *cert. denied,* 472 U.S. 1018, 105 S.Ct. 3479, 87 L.Ed.2d 614 (1985). During cross-examination of the officer, Mr. Aikens' counsel challenged Officer Locke's motives for requesting crack cocaine, rather than powder cocaine. In order to explain that Officer Locke reasonably chose to purchase crack cocaine because the police had received anonymous complaints that Mr. Aikens was selling crack, counsel for the government offered a limited amount of testimony concerning the anonymous complaints on redirect. The testimony concerning anonymous complaints was offered to show Detective Locke's motive for requesting crack cocaine, and not to prove the truth of the matter asserted. Consequently, the testimony did not constitute hearsay, and the district court did not abuse its discretion by allowing admission of the testimony.

### D. *Sentencing Entrapment*

■ Fourth, Mr. Aikens argues that the district court improperly rejected his request for a downward departure from his base offense level for sentencing entrapment. This court has rejected the contention that sentencing entrapment occurs merely because a government agent requests that a defendant convert powder cocaine into crack. *United States v. Shephard,* 4 F.3d 647, 650 (8th Cir.1993) (finding that the defendant had not properly raised a *sentencing* entrapment argument, but rather a theory of entrapment as to an element of his crime which was for the jury to assess). The court has, however, recognized that sentencing entrapment may occur where outrageous government conduct overcomes the will of a defendant predisposed to deal only in small quantities of drugs, for the purpose of increasing the amount of drugs and the resulting sentence imposed against that defendant. *United States v. Warren,* 16 F.3d 247, 250 (8th Cir. 1994) (citations omitted); *Barth,* 990 F.2d at 424–25.

Taking precedent into account, Mr. Aikens has modified the argument that sentencing entrapment occurs when a government agent requests crack rather than powder cocaine. Specifically, Mr. Aikens claims that he was a victim of sentencing entrapment because he had no predisposition to sell crack, and Officer Locke outrageously induced him to sell crack instead of powder cocaine for the purpose of increasing his sentence. Mr. Aikens' argument, however, is simply unavailing in light of the evidence in this case. The evidence shows that Officer Locke acted reasonably, not outrageously, by choosing to purchase crack cocaine in response to Mr. Aikens' offer. *See supra* parts A, C. The evidence also shows that Mr. Aikens was predisposed to sell crack cocaine. *See supra* part A. Indeed, the jury rejected the contention that Mr. Aikens was induced to commit the crime charged, i.e. distribution of crack, without any predisposition to do so. *See supra* part C. Because the evidence fails to show the existence of sentencing entrapment, the court finds that the district court properly rejected Mr. Aikens' request for a downward departure for sentencing entrapment.

### E. *Calculation of the Bribery Sentence*

■ Finally, Mr. Aikens argues that the district court erred by failing to calculate a separate base offense level in the bribery case against him, although his attorney did not object to this aspect of his sentence at the district court level. Issues which an appellant has failed to raise at the district

court level should not be considered at the appellate court level absent a showing of plain error resulting in the miscarriage of justice. Fed.R.Crim.P. 52; *United States v. Meeks,* 857 F.2d 1201, 1203 (8th Cir.1988). Upon review, we find that Mr. Aikens fails to show such plain error. Thus, we will not disturb the district court's grouping of the bribery and cocaine charges.

## III.  CONCLUSION

For the foregoing reasons, we affirm the convictions and sentence imposed by the district court.