**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**
No. 97-1660

United States of America,           *
                                    *
          Plaintiff - Appellee,     *   Appeal from the United States
                                    *   District Court for the
     v.                             *   Western District of Missouri.
                                    *
Willie Mays Aikens,                 *
                                    *
          Defendant - Appellant.    *
                                    *

_____

Submitted: September 12, 1997.
Filed: January 6, 1998

_____

Before McMILLIAN, ROSS, and HANSEN, Circuit Judges.

_____

HANSEN, Circuit Judge.

This case comes to us for a second time after the Supreme Court vacated our prior opinion, United States v. Aikens, 64 F.3d 372 (8th Cir. 1995), and remanded the case to us in light of Bailey v. United States, 116 S. Ct. 501 (1995). See Aikens v. United States, 116 S. Ct. 1346 (1996). On remand, we affirmed Willie Mays Aikens' drug trafficking convictions and ordered that his conviction for using a firearm during a drug trafficking offense be remanded to the district court for further proceedings. The

district court[1] upheld Aikens' firearm conviction. Aikens appeals, arguing that there is insufficient evidence to support the conviction and that it was plain error to submit a jury instruction that failed to comport with the Supreme Court's decision in Bailey. We affirm.

I

We explain only those facts relating to Aikens' firearm conviction.[2] Aikens manufactured crack in the den of his home by mixing cocaine and baking soda in a glass beaker, pouring water on it, heating it with a hand-held torch, baking it in a microwave, and running cold water over it. Aikens stored these supplies for making crack, along with scales, strainers and other drug paraphernalia, in his den. On January 28, 1994, an undercover police officer visited Aikens' home to purchase crack cocaine. While in the den, the undercover officer observed a long-barreled gun that she thought was a rifle or a shotgun "leaning against the couch" where Aikens sat while he manufactured the cocaine mixture into crack. (Trial Tr. Vol. I at 36.) The undercover officer asked Aikens if he was a hunter, referring to the weapon. Aikens replied that he was not a hunter but that he had the gun for protection. On March 1, 1994, the police executed a search warrant at Aikens' home and seized, among other things, a loaded .12-gauge shotgun located by a door in the den.

A federal grand jury charged Aikens with one count of using a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1) (1994), and other drug trafficking offenses. The jury convicted Aikens on all counts. For his use of a firearm,

---

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

[2]The facts underlying Aikens' drug trafficking convictions are detailed in our prior opinion. See Aikens, 64 F.3d at 373-74.

Aikens received a consecutive 60-month sentence in addition to his sentences for the drug trafficking convictions.

Aikens appealed to this court and we affirmed his convictions and sentences. See Aikens, 64 F.3d at 377. Aikens then petitioned for a writ of certiorari to the United States Supreme Court. The Supreme Court vacated our prior opinion and remanded the case to us for reconsideration in light of Bailey. See Aikens, 116 S. Ct. at 1346. We then affirmed Aikens' crack cocaine distribution convictions and ordered that his conviction for using a firearm during a drug trafficking offense be remanded to the district court for further proceedings. The district court affirmed Aikens' firearm conviction and he brought this appeal, claiming insufficiency of the evidence and plain error in the jury instructions.

## II

We first address Aikens' claim that there is insufficient evidence to support his conviction for using a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1).[3] In reviewing the record, "[w]e view the evidence in the light most favorable to the jury's verdict, and we will reverse for insufficient evidence only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt." United States v. Czeck, 105 F.3d 1235, 1240 (8th Cir. 1997) (internal quotations omitted).

In Bailey, the Supreme Court held that "[t]o sustain a conviction under the 'use' prong of § 924(c)(1), the Government must show that the defendant actively employed the firearm during and in relation to the predicate crime." Bailey, 116 S. Ct. at 509.

---

[3] 18 U.S.C. § 924(c)(1) imposes a consecutive five-year minimum term of imprisonment upon a person who "during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm."

Active employment "includes brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm." Id. at 508. The Court added that "a reference to a firearm calculated to bring about a change in the circumstances of the predicate offense is a 'use,' just as the silent but obvious and forceful presence of a gun on a table can be a 'use.'" Id. By contrast, the Court distinguished the storage or concealment of a weapon at or near the site of a drug crime by the defendant. These circumstances, the Court explained, do not satisfy the requirement of "use"; the "inert presence of a firearm, without more, is not enough to trigger § 924(c)(1)." Id. Likewise, "[i]f the gun is not disclosed or mentioned by the offender, it is not actively employed, and it is not 'used.'" Id.

Our review of the record convinces us that there is sufficient evidence to convict Aikens of using a firearm during and in connection with a drug trafficking crime. The shotgun leaning against the couch was visible to the undercover officer while Aikens was "cooking" the cocaine into crack to sell to her. Aikens sat on the couch when he manufactured the crack. Because of Aikens' close proximity to the weapon, he could immediately fire it if anything went wrong during the drug transaction. Also, while manufacturing the crack, Aikens specifically told the undercover officer that the gun was for his protection and not for hunting. Finally, the shotgun was found loaded and in Aikens' den when the search warrant was executed.

This evidence shows Aikens did more than merely store his shotgun near the drug crime. Aikens told the buyer the gun was for his protection, the gun was clearly displayed during the drug transaction, and the gun was in close proximity to Aikens while he manufactured and sold the crack. These facts show that the gun was "calculated to bring about a change in the circumstances" of the underlying drug offense. Bailey, 116 S. Ct. at 508. The shotgun served as a "silent but obvious and forceful presence" during both the manufacturing and sale of the crack sufficient to constitute "use" of the firearm under § 924(c)(1). Id. We find support for our conclusion in Czeck, where we held that "[b]y making it plain to his customers that he

was armed and willing to defend his business, [the defendant] discouraged them from any attempt to rob him and effectively may have warned them that negotiation over the price and quality of his wares was not encouraged." Czech, 105 F.3d at 1241.  Aikens' weapon served similar purposes here.

Aikens next argues that the district court committed plain error when the court instructed the jury that the phrase "used a firearm" in § 924(c)(1) "means having a firearm available to aid in the distribution of cocaine base ('crack')."  (Jury Instruction No. 23.)  Because Aikens did not object to this instruction at trial, we review for plain error.  Fed. R. Crim. P. 52(b); United States v. Beasley, 102 F.3d 1440, 1452 (8th Cir. 1996), cert. denied, 117 S. Ct. 1856 (1997).  We must initially determine whether the district court's error was plain and if it affected Aikens' substantial rights.  Beasley, 102 F.3d at 1452.  Unlike harmless error review conducted pursuant to Rule 52(a), plain error analysis under Rule 52(b) normally requires the defendant, rather than the government, to bear the burden of persuasion to show the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 734 (1993).  If the error was plain and substantial rights were affected, "we exercise our discretion to reverse only where the error 'seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings.'"  United States v. Herron, 97 F.3d 234, 238 (8th Cir. 1996) (quoting Olano, 507 U.S. at 736) (alternation in Herron), cert. denied, 117 S. Ct. 998 (1997).

The government concedes that this instruction, which was proper under the law of this circuit at the time it was given, erroneously defined the term "use" in light of the Supreme Court's intervening decision in Bailey. Thus, the error is plain.  See United States v. Webster, 84 F.3d 1056, 1067 (8th Cir. 1996) (court applies law applicable at time of appeal to determine plain error).  However, the government contests Aikens' claim that the error affected his substantial rights.  A defendant's "substantial rights are affected if the error prejudicially influenced the outcome of the district court proceedings."  Beasley, 102 F.3d at 1452.  If a proper instruction would not have

altered the jury's conclusion, then Aikens' substantial rights have not been affected by the erroneous instruction.  Id.

Our review of the record leads us to conclude that Aikens' substantial rights have not been affected.  As discussed previously, the evidence presented showed that Aikens actively employed his shotgun during and in relation to the crack cocaine distribution crime.  The gun was an obvious and forceful presence during both the manufacturing and sale of the crack cocaine by Aikens.  Beyond a reasonable doubt, Aikens "used" the shotgun during and in connection with the drug trafficking offense.  A proper jury instruction regarding the definition of the term "use" would not have altered the jury's conclusion that Aikens was guilty of violating § 924(c)(1).  Because Aikens has not shown his substantial rights were affected, he has not satisfied the plain error standard, and we affirm his conviction.  See Beasley, 102 F.3d at 1452-53.

### III

We have rejected all of Aikens' arguments for reversal of his firearm conviction.  Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.