# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-2635

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Nebraska. |
| | * | |
| Mark A. Winheim, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: October 16, 2000
Filed: November 7, 2000

_____

Before McMILLIAN, BOWMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Pursuant to a plea agreement, Mark Winheim pled guilty to using a firearm in relation to a drug trafficking transaction, a violation of 18 U.S.C. § 924(c). He attacks the resulting conviction by means of a 28 U.S.C. § 2255 motion. Denying that motion, the District Court[1] applied <u>Bailey v. United States</u>, 516 U.S. 137 (1995), and <u>Bousley v. United States</u>, 523 U.S. 614 (1998), and determined that Winheim had not shown actual innocence to excuse the procedural default of his <u>Bailey</u> claim. We agree.

_____

[1]The Honorable William G. Cambridge, United States District Judge for the District of Nebraska, now in retired status.

Shortly after selling drugs at his home, Winheim was stopped while driving his car.  He consented to a search of his home.  Officers there found, along with loaded firearms in the kitchen and in a bedroom, a shotgun located on a table in the living room, with a box of shells readily accessible and in close proximity to the shotgun. Because the drug sale that triggered the police stop of Winheim occurred in the home, very possibly in the living room with the shotgun visible on the table, Winheim fails in his attempt to persuade us that he did not "use" the shotgun.  "[T]he silent but obvious and forceful presence of a gun on a table can be a 'use.'"  Bailey, 516 U.S. at 148. Here, the open presence of the shotgun in the living room appears calculated to serve as a show of force in connection with the underlying drug transaction.  Cf. United States v. Aikens, 132 F.3d 452, 454 (8th Cir.), cert. denied, 525 U.S. 845 (1998) (upholding use conviction against post-Bailey attack where shotgun was visibly present in room where defendant cooked crack cocaine).

Inasmuch as Winheim is not actually innocent of the § 924(c) charge, the order of the District Court is AFFIRMED.  See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.