# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2085

_____

United States of America,         *

                           *

         Appellee,         *

                           *

    v.                  *  Appeal from the United States District

                           *  Court for the District of Nebraska.

Daryl S. Butler,          *

                           *

         Appellant.     *

_____

Submitted: October 23, 2000

Filed:  January 30, 2001

_____

Before McMILLIAN, ROSS and HANSEN, Circuit Judges

_____

**ROSS**, Circuit Judge.

Daryl S. Butler appeals from a judgment of the district court entered after a jury found him guilty of possession with the intent to distribute marijuana and of conspiracy, in violation of 21U.S.C. §§ 841(a), 846, and the court sentenced him to 70 months imprisonment for both counts. Butler challenges the sufficiency of the evidence supporting his convictions and the district court's drug quantity finding supporting his sentence.  We affirm the convictions but vacate his sentence and remand for further proceedings.

**FACTS**

The government's evidence was as follows. In May 1999, Omaha, Nebraska police officer Stephen Worley saw a pick-up truck weaving in traffic and sparks coming from underneath a trailer being pulled by it. Worley stopped the truck and approached Butler, who was the driver. Butler gave Worley a copy of a California identification card, but Worley asked for a driver's license. Butler avoided eye contact and was "frantic," stating his license might be in the back of the truck. While Butler was looking for his license, the passenger, Daniel Martinez, gave his license to Worley. After Worley discovered the trailer's jackstand was loose, Butler and Martinez unsuccessfully attempted to get it up. Although Worley told them that he intended to issue a courtesy citation and not a ticket, both remained nervous. Worley testified if people are nervous about getting a ticket, they calm down when told they will not receive one. A records check revealed that Butler did not have a driver's license.

In response to Worley's question, Butler said they were coming from El Paso and going to Iowa City to sandblast a reservoir. According to Butler, he and Martinez were to go to a motel in Iowa City and call their boss in Texas, who would meet them in three or four days. Although Butler claimed he had worked for R&R Construction Company for three weeks, he did not know the name of his boss or who owned the truck and trailer, asserting Martinez had more information than he did. Officer Larry Bakker, who had been called to the scene, talked to Martinez, who told him they were driving from Texas to Iowa City to sandblast a water tower.

When Worley looked in the trailer, he noticed the floor and the bolts holding it down looked new. He also saw some wooden planks the same size of the flooring on top of some rusty scaffolding, old tires, hosing, and a rusty barrel, but did not see equipment necessary for sandblasting. Butler and Martinez consented to a search of

the truck and trailer. Officers discovered 160 individually wrapped packages of marijuana weighing 996.5 pounds under the floor of the trailer. At trial, Butler stipulated that the substance in the bundles was marijuana.

At the close of the government's case, Butler moved for judgment of acquittal under Fed. R. Crim. P. 29, asserting there was insufficient evidence that he knew about the marijuana. The court denied the motion.

Butler's only witness was Martinez, who had pleaded guilty. Martinez testified that although he knew marijuana had been concealed in the trailer, Butler did not know. According to Martinez, he and Butler were at a convenience store when Rudy Ramirez approached him while Butler was some distance away. Ramirez asked Martinez if he could drive a truck to Iowa City. Martinez told Butler he might have to take a trip, but did not disclose the purpose of it. Butler said he would not mind going along to get out of town. About three weeks later, while Butler was at Martinez's apartment, Ramirez brought the truck to the apartment in the early morning hours. Martinez told Butler he would pay him $350.00 for helping to drive. Martinez further told Butler if they got pulled over he should say he had been working for R&R Construction Co. for three weeks and was going to Iowa City to sandblast a reservoir. Martinez, however, testified that Butler had never worked for the company and had no experience in sandblasting.

At the close of all evidence, Butler renewed his Rule 29 motion for judgment of acquittal, which the court denied. The jury then returned guilty verdicts on the possession and conspiracy counts. The presentence report (PSR) found Butler was responsible for 996.5 pounds (452.01 kilograms) of marijuana, resulting in a base offense level of 28. With a criminal history category of III, the guideline range was 97 to 121 months. The district court accepted the PSR's drug quantity finding and after granting Butler's request for a three point reduction for a minor role in the offense, U.S.S.G. § 3B1.2, the court sentenced him to 70 months for both counts.

DISCUSSION

**Sufficiency of the Evidence**

On appeal, Butler argues that the court erred in denying his Fed. R. Crim. P. 29 motion for judgment of acquittal, asserting there was insufficient evidence that he knew about the marijuana. Butler invites this court to consider Martinez's testimony in reviewing his claim. Thus, we view the evidence and all reasonable inferences therefrom in the light most favorable to the jury's verdict. See United States v. Madrid, 224 F.3d 757, 761 (8th Cir. 2000).

As he did in the district court, Butler relies on United States v. Pace, 922 F.2d 451 (8th Cir. 1999). In that case, Pace was stopped while driving a station wagon containing a large quantity of cocaine in duffle bags on the floorboard and in a suitcase in the cargo area. Pace was nervous, had been driving with a suspended license, and claimed he had been hired by his passenger, Mason, to drive the car to Chicago. Mason, who was a co-defendant, testified that he had not told Pace about the drugs. This court reversed Pace's conviction, reasoning the evidence only proved that Pace was present during an ongoing crime, but did not prove he knew about the cocaine. Id. at 453. We noted that there was no evidence that Pace had explored the cargo area, opened the suitcase, knew about "the criminal nature of the trip," or "refused to see what th[e] trip was really about." Id.

Butler argues his case is indistinguishable from Pace and that a reasonable jury could not infer his knowledge of the marijuana from his nervousness, lack of a license, or Martinez's testimony. He notes in United States v. Davis, 103 F.3d 660, 667 (8th Cir. 1996) (internal quotation omitted), cert. denied, 520 U.S. 1258 (1997), in which this court stated "[w]here the government's evidence is equally strong to infer innocence as to infer guilt, the verdict must be one of not guilty and the court has a duty to direct an acquittal."

-4-

Butler's reliance on Pace and Davis is misplaced. Pace does not hold that nervousness, inconsistencies, or an implausible story, considered in the totality of the circumstances, cannot be evidence from which a jury could draw an inference of guilty knowledge. Indeed, citing Pace, in United States v. Martinez, 168 F.3d 1043, 1048 (8th Cir. 1999), this court held that a "jury could have found that [defendant's] apparent nervousness and his inconsistent answers were related to his knowledge that there were drugs in the vehicle." Id. The court also stated that the jury could have inferred guilty knowledge from defendant's "unlikely" story. Id.

In addition, we note in United States v. Turner, 157 F.3d 552, 556 & n.5 (8th Cir. 1998), this court observed that Davis appeared to conflict with United States v. Baker, 98 F.3d 330, 338 (8th Cir. 1996), in which the court stated "[i]f the evidence rationally supports two conflicting hypotheses, the reviewing court will not disturb the conviction." (Internal quotation omitted.) Although we are not free to overrule Davis, we are free to follow Baker, which is the standard this court has overwhelmingly favored. See Turner, 157 F.3d at 556 n.5. We also note that the government's "evidence 'need not exclude every reasonable hypothesis of innocence.'" United States v. Jolivet, 224 F.3d 902, 907 (8th Cir. 2000) (quoting United States v. Hawkey, 148 F.3d 920, 923 (8th Cir. 1998)).

In any event, even if we were to apply Davis, we do not believe that the evidence is equally strong to infer innocence, as apparently was the case in Pace. Unlike Pace, in which there was insufficient evidence that Pace knew about "the criminal nature of the trip" or had "refused to see what th[e] trip was really about," 922 F.2d at 453, Martinez provided such evidence. Martinez testified that Butler knowingly lied to Worley about the purpose of the trip, and the jury was free to draw an inference of guilty knowledge from such evidence. See United States v. Simms, 18 F.3d 588, 594 (8th Cir. 1994) (distinguishing Pace because defendant gave false name).

Even viewing only the government's evidence, there is sufficient evidence supporting the verdicts. We find significant differences between this case and Pace. Butler's sandblasting story was not the only lie he told Worley. In contrast to Pace, where Pace gave correct personal information to the officers, 922 F.2d at 452, Butler lied to Worley by indicating he had a driver's license. In Pace, the court believed that Pace's story was plausible, id. at 452-53, but Butler's sandblasting story was implausible. See Martinez, 168 F.3d at 1048. Butler did not have a driver's license or know his boss's name, and the equipment on the trailer didn't match his story. Moreover, while this court did not believe Pace's nervousness provided sufficient evidence from which an inference of guilty knowledge could have been drawn, 922 F.2d at 453, in this case, there was evidence as to more than nervousness that might accompany a routine traffic stop. Worley testified that, unlike most people, Butler did not calm down after being told he would not get a ticket.

Thus, given the totality of the circumstances, there was sufficient evidence supporting the conspiracy and possession convictions.

**Sentence**

Butler challenges his 70-month sentence in light of Apprendi v. New Jersey, 120 S. Ct. 2348, 2362-63 (2000), in which the Supreme Court held that, under the Fifth and Sixth Amendments, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Butler argues that this court must vacate his sentence because drug quantity was not alleged in the indictment and found by the jury, and that the district court's quantity finding increased his sentence beyond the 60-month sentence set forth in 21 U.S.C. § 841(b)(1)(D) for possession of less than 50 kilograms of marijuana. See United States v. Aguayo-Delgado, 220 F.3d 926, 933 (8th Cir.) (applying Apprendi to 21 U.S.C. § 841 offenses), cert. denied, 120 S. Ct. 600 (2000).

Butler concedes because he did not object below, our review is limited to plain error. See United States v. Poulack, No. 00-1595, 2001 WL 15734, at *4 (8th Cir. Jan. 9, 2001). Under that standard, "[i]n order to show he is entitled to resentencing under Apprendi, [Butler] must prove that the failure to allege quantity in the indictment and the failure of the jury to determine quantity were erroneous, plain, and that these errors affected his substantial rights." Id. "A defendant's rights are substantially affected when an error 'prejudicially influenced the outcome of the district court proceedings.'" Id. at *5 (quoting United States v. Aikens, 132 F.3d 452, 455 (8th Cir. 1998)). In addition, "this court may not reverse unless the error 'seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings.'" Id. at *4 (quoting Johnson v. United States, 520 U.S. 461, 467 (1997)).

In Poulack, as in this case, drug quantity was not alleged in the indictment and found by the jury, and the court's finding increased Poulack's sentence. See id. at *2. We assumed error was plain under Apprendi, but held that resentencing was not required because given the evidence in the case, "any error would not have prejudicially influenced the outcome of the proceedings." Id. at *5. We noted that at arraignment Poulack had been expressly informed of the drug quantity he was alleged to have possessed and of the maximum statutory sentence based on that amount. See id. at *4 & n.4. With that information, Poulack then challenged the quantity and after the drugs were reweighed, he stipulated to the reduced quantity and to the admission of a lab report showing the weight of the drug. Id. at *4-5. At trial, in addition to the stipulation and the lab report, the government introduced the "large amount" of the drugs. Id. at *5.

In this case, we have not been provided with the arraignment transcript. In addition, at trial, although Butler stipulated that the seized substance was marijuana, he did not stipulate to the quantity. Moreover, the lab report introduced into evidence did not indicate total quantity, but only indicated that based on a random sample of six bundles the substance was marijuana. Thus, unlike Poulack, Butler did not admit to the

essential element of quantity at trial. Given that the Constitution "indisputably entitle[s] a criminal defendant to 'a jury determination that [he] is guilty of every element of the crime which he is charged, beyond a reasonable doubt[,]" Apprendi, 120 S. Ct at 2356 (quoting United States v. Gaudin, 515 U.S. 506, 510 (1995)), we are unwilling to conclude that the Apprendi errors did not affect Butler's substantial rights and the fairness of the proceedings. See United States v. Kroeger, 229 F.3d 700, 702 (8th Cir. 2000) (sentencing error affected defendant's substantial rights and fairness of proceedings); United States v. Comstock, 154 F.3d 845, 850 (8th Cir. 1998) (same); see also United States v. Nicholson, 231 F.3d 445, 453-55 (8th Cir.2000) (Apprendi errors required resetencing); United States v. Page, 232 F.3d 536, 545 (6th Cir. 2000) (Apprendi errors affected defendant's substantial rights and fairness of proceedings), petition for cert. filed, (U.S. Jan. 3, 2001) (No. 00-7751).

Accordingly, we affirm Butler's convictions but vacate his sentence and remand for resentencing not inconsistent with this opinion.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT

**-8-**