# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1133

_____

United States of America,       *
                                   *

           Appellee,         *

                                   *  On Remand from the

   v.                             *  United States Supreme Court

                                   *

                                 *

Daniel Steyskal,            *

                                 *  [UNPUBLISHED]

           Appellant.      *

_____

Submitted: March 26, 2001
Filed:  April 19, 2001

_____

Before:     **WOLLMAN**, Chief Judge, **McMILLIAN**, Circuit Judge, and
            **PANNER**,[1] District Judge

PER CURIAM

The United States Supreme Court vacated our decision in this case and remanded in light of <u>Apprendi v. New Jersey</u>, 466 U.S. 466, 120 S. Ct. 2348, 147 Led. 2d 435 (2000). Our task is to review Steyskal's sentence on Count I (marijuana conspiracy). There is no longer a challenge to Steyskal's judgment of conviction.

---

      [1]     The Honorable Owen M. Panner, United States District Judge for the District of Oregon, sitting by designation.

Moreover, the parties do not contest the 60-month sentence imposed on Count II (anabolic steroid conspiracy). Accordingly, for the reasons stated in our prior opinion, United States v. Steyskal, 221 F.3d 1345 (8th Cir. 2000) (unpublished), we affirm the judgment of conviction and the sentence imposed on Count II.

The Supreme Court in Apprendi held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 120 S. Ct. at 2362-63. The Government concedes that Steyskal's sentence of 210 months on Count I violates this directive because the jury was not instructed to determine whether the offense involved at least 50 kilograms of marijuana. See 21 U.S.C. § 841(b)(1)(C). The Government further admits that 21 U.S.C. § 841(b)(1)(D), providing for a "term of imprisonment of not more than 5 years," applies to defendants, like Steyskal, who are found guilty of a drug offense involving any quantity of marijuana. In similar situations, we have vacated the sentence and remanded for resentencing consistent with Apprendi. See United States v. Butler, 238 F.3d 1001, 1005-06 (8th Cir. 2001); United States v. Nicholson, 231 F.3d 445, 453 (8th Cir. 2000), cert. denied, 121 S. Ct. 1244 (2001).

The Government nevertheless urges us to conclude that the Apprendi error in this case is harmless. In United States v. Anderson, 236 F.3d 427, 430 (8th Cir. 2001), we

determined that an Apprendi error was harmless beyond a reasonable doubt when "no rational jury could have found appellants guilty of the substantive offense, yet at the same time found that the amount of [drugs] the conspiracy sought to produce was less than [the amount sufficient to support the court's sentence]." In that case, however, the quantity of drugs seized by law enforcement officers was undisputed. See Anderson, 236 F.3d at 429.

Here, Steyskal disputed his association with the conspiracy by attempting at trial to discredit the testimony of his immunized co-conspirators. The jury was, of course, entitled to disbelieve some of these witnesses and to credit others. Therefore, we will affirm Steyskal's sentence only if we determine that the jury must have found beyond a reasonable doubt that he conspired to possess more than the requisite 50 kilograms of marijuana. In other words, the record must show that every single transaction placed in evidence by the Government exceeded that threshold amount.

That is not the case here. The Government concedes that much smaller amounts were seized from Steyskal and his co-conspirators. There was also testimony of sales of marijuana less than 50 kilograms. We simply cannot conclude beyond a reasonable doubt that the jury did not find Steyskal guilty of Count I based on this testimony rather than testimony regarding more substantial amounts of marijuana. Accordingly, we vacate Steyskal's sentence on Count I and remand to the district court for resentencing

on that count consistent with Apprendi. See Butler, 238 F.3d at 1005-06; Nicholson, 231 F.3d at 453.

We affirm the judgment of conviction and the sentence imposed by the district court on Count II; we reverse the sentence imposed on Count I and remand for resentencing.

A true copy

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT