# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-4099EA

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * On Appeal from the United |
| v. | * States District Court |
| | * for the Eastern District |
| | * of Arkansas. |
| Maurice Jerome McDonald, | * |
| | * |
| | * |
| Appellant. | * |

_____

Submitted: April 17, 2003
Filed: July 18, 2003

_____

Before BOWMAN, RICHARD S. ARNOLD, and BYE, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.


Maurice McDonald received three life sentences for his role as a significant figure in a drug-distribution ring. On appeal, two of his life sentences were remanded for resentencing, and one was affirmed. After resentencing, the defendant filed this

appeal contesting both the sentence we affirmed on his first appeal and a sentence that was remanded. The District Court[1] committed no error, and we affirm its decision.

I.

The circumstances surrounding Mr. McDonald's first appeal are detailed in United States v. Nicholson, 231 F.3d 445 (8th Cir. 2000). To summarize, Mr. McDonald was one of fifty-four people indicted for being a member of a large drug ring in Arkansas. He was convicted by a jury on four charges: (1) Count 1 – conspiracy to distribute cocaine, cocaine base, marijuana, and PCP, 21 U.S.C. §§ 841, 846; (2) Count 39 – distribution of two ounces of cocaine base (i.e., crack), 21 U.S.C. § 841; (3) Count 46 – distribution of fifteen ounces of cocaine base, 21 U.S.C. § 841; and (4) Count 67 – being a felon in possession of a firearm, 18 U.S.C. § 922(g). On appeal, we specifically considered and rejected a challenge to Mr. McDonald's life sentence imposed for Count 39. Id. at 453. However, we remanded his case for resentencing on Counts 1, 46, and 67.[2] In this appeal, the Defendant asserts that the District Court committed error in sentencing on two convictions: Counts 1 and 39. We disagree.

The first question in this appeal involves Mr. McDonald's sentence on Count 1, his conspiracy charge, which we remanded for reconsideration in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). The jury convicted the defendant on a general conspiracy charge. At sentencing the District Court made the determination that Mr.

---

[1]The Hon. Stephen M. Reasoner, United States District Judge for the Eastern District of Arkansas.

[2]On resentencing, Mr. McDonald's sentence for possessing a firearm was reduced from twenty years to ten years. The sentence on his second distribution-of-cocaine charge, Count 46, was reduced from life to five years. Our concerns with these sentences are explained in our prior opinion. Nicholson, 231 F.3d at 453.

McDonald was responsible for 150 kilograms of cocaine. Our concern was that Apprendi required that the jury, rather than the judge, make the findings regarding the quantity of cocaine involved in the conspiracy since that finding changed the defendant's statutory maximum. Nicholson, 231 F.3d at 453. The District Court accordingly resentenced the defendant to twenty years for being involved in a conspiracy to distribute an unspecified amount of cocaine.

On appeal, the defendant suggests that his sentence still suffers from an Apprendi problem. He was convicted of "conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, marijuana, and PCP." He notes that the jury did not make a specific finding as to what type of drug he was guilty of conspiring to distribute. This is significant, he claims, because conspiracy to distribute an unspecified amount of marijuana carries a smaller statutory maximum sentence than conspiracy to distribute cocaine base. Compare 21 U.S.C. § 841(b)(1)(D) (imposing a maximum five-year sentence for conspiracy to distribute an unspecified amount of marijuana), with 21 U.S.C. § 841(b)(1)(C) (imposing a maximum twenty-year sentence for conspiracy to distribute an unspecified amount of cocaine base).

The defendant argues that his situation is analogous to that of another member of the conspiracy, Jamo Jenkins, who had his sentences significantly reduced on his first appeal. Nicholson, 231 F.3d at 454. Like Mr. McDonald, Mr. Jenkins was convicted on Count 1, the general conspiracy charge, which alleged the defendants to be in a conspiracy to distribute cocaine, cocaine base, marijuana, and PCP. However, unlike the present defendant, the evidence used against Mr. Jenkins was equally consistent with cocaine distribution or with marijuana distribution, but not both. Id. In Mr. Jenkins's case, we could not tell whether the jury found him guilty of being involved in cocaine or marijuana distribution because there was testimony that the illicit substance in question could have been either. We said that our holding in United States v. Nattier, 127 F.3d 655, 661 (8th Cir. 1997), required us to assume

that Mr. Jenkins was convicted for distributing marijuana, a charge which carried a lesser statutory maximum than distributing cocaine. Nicholson, 231 F.3d at 454-55. Mr. McDonald argues that he too sold marijuana, as his conviction on Count 46 demonstrates,[3] and thus should have had his cocaine-conspiracy conviction reduced to a marijuana-conspiracy conviction because the jury could have convicted him of conspiracy to distribute marijuana.

This issue was not within the scope of our remand for resentencing, so we could review it, at most, for plain error only. United States v. Frazier, 280 F.3d 835, 853-54 (8th Cir. 2002). Assuming that the defendant can demonstrate that a plain error affected a substantial right, we have authority to correct the problem only if it seriously affects the fairness, integrity, or public reputation of our proceedings. Johnson v. United States, 520 U.S. 461, 467 (1997). If we assume that an error occurred and that it substantially affected the defendant's rights, the question becomes whether the error undermined the fairness of the proceedings. "[T]he outcome of our review for plain error therefore depends on the nature of the evidence presented at trial." Frazier, 280 F.3d at 855. There is no reversible error in this case, because the evidence overwhelmingly implicates the defendant in a conspiracy to distribute cocaine, not marijuana.

Members of the drug ring testified that they received cocaine from California and delivered it to Mr. McDonald. Other members of the conspiracy admitted to making cocaine base with Mr. McDonald, and some crack dealers testified that they received cocaine base from Mr. McDonald. Mr. McDonald was convicted for selling marijuana on one occasion, but we can give him the benefit of a doubt only when there is some doubt extant. The evidence leaves no question that he was seriously

---

[3]Count 46 charged Mr. McDonald with distributing fifteen ounces of cocaine base. The government conceded that the indictment was wrong, and that it intended to charge the defendant with distributing marijuana, not cocaine base.

involved in a large conspiracy to distribute cocaine, and we cannot say that his conviction on Count 1 was reversible error.

Mr. McDonald's second argument relates to Count 39, his conviction for distributing two ounces of cocaine base. The jury found him "guilty of Count 39, distribution of cocaine base on or about August 18, 1997" (verdict form). Initially, we must reject appellant's challenge to this conviction because there is nothing left to challenge. This conviction was affirmed on the first appeal. Neither the conviction nor the sentence was remanded for any further action. The District Court had nothing to do on remand with respect to this count. The conviction is final, and no longer open to challenge on direct review.

In addition, no injustice has occurred here. Mr. McDonald notes that this verdict does not specify the amount of cocaine base that the jury convicted him of distributing. Because different statutory maximums apply depending on the amount of cocaine base involved, Apprendi requires that the fact-finder determine the quantity beyond a reasonable doubt. 530 U.S. at 490. The statutory maximum for conviction of distributing more than fifty grams (two ounces is more than fifty grams) of cocaine base is a life sentence, 21 U.S.C. § 841(b)(1)(A), what Mr. McDonald received, while the statutory maximum for distributing an unspecified amount of cocaine base is twenty years, what he seeks. 21 U.S.C. § 841(b)(1)(C).

Our analysis of this issue is well established: to satisfy Apprendi, the drug quantity must be charged in the indictment and found by the jury. United States v. Aguayo-Delgado, 220 F.3d 926, 933 (8th Cir. 2000). The drug quantity was charged in this case, so this requirement of Aguayo-Delgado is satisfied. The other requirement is that the jury find the quantity alleged (two ounces). In finding defendant guilty on this count, the jury necessarily found the quantity alleged in the indictment. Even if we assume that the jury did not make an express finding of drug quantity, that does not mean that reversal is required, "because Apprendi 'did not

recognize or create a structural error that would require per se reversal.' " United States v. Anderson, 236 F.3d 427, 429 (8th Cir. 2001), quoting United States v. Nealy, 232 F.3d 825, 829 (11th Cir. 2000). At best, defendant could receive only plain-error review. So he still must show that this error seriously affected the fairness, integrity, or public reputation of judicial proceedings. United States v. Butler, 238 F.3d 1001, 1005 (8th Cir. 2001). This was, and still is, the problem with Mr. McDonald's argument.

His situation is different from cases where we have found Apprendi errors that justified reversal of the district courts' sentences. In those cases, we found reversible error when the government did not allege a specific quantity of drugs and the jury did not return a verdict finding a specific amount. See, e.g., United States v. Maynie, 257 F.3d 908, 920 (8th Cir. 2001) (reversing because no drug quantity was alleged in the indictment or submitted to the jury); United States v. Bradford, 246 F.3d 1107, 1112-13 (8th Cir. 2001) (reversing as to some defendants because the indictment alleged no drug quantity and none was found by the jury); Butler, 238 F.3d at 1005 (reversing because no drug quantity was alleged in the indictment and no specific amount was found by the jury). In these cases, we recognized the unfairness of depriving a defendant of the protections provided by a grand jury and charging the defendant in a vague manner that makes it difficult for the defendant to analyze the strength of the case against him. However, that is not the case here.

This case is akin to United States v. Frazier and United States v. Anderson, supra, cases in which, despite no specific findings of drug quantity by the jury, the defendants' sentences were affirmed because specific drug quantities were alleged in the indictments, and it was clear from the evidence that the juries could not have reasonably found otherwise. Frazier, 280 F.3d at 855-56, Anderson, 236 F.3d at 430. In this case, the grand jury returned an indictment that gave the defendant notice that the government was going to prove to the jury that he committed a specific act – the sale of two ounces of cocaine base to Edwin Ray on August 18, 1997. Mr. Ray

testified that he bought two ounces of cocaine base from the defendant that day. The United States introduced wiretapped conversations that substantiated this allegation. We note that during closing arguments the defendant never contested the amount of crack involved. The evidence as to quantity was overwhelming

Under these facts, the failure to get a special verdict from the jury with an explicit finding of quantity did not impugn the integrity of or raise doubt about the fairness of these proceedings.

We believe both of defendant's arguments in this appeal are without merit. Therefore, the judgment of the District Court is affirmed in all respects.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.