# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3178

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Nebraska. |
| | * | |
| Robert A. Pollard, | * | [PUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: April 19, 2001

Filed: May 2, 2001

_____

Before BOWMAN, FAGG, and LOKEN, Circuit Judges.

_____

PER CURIAM.

A jury convicted Robert A. Pollard of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Based on the district court's drug quantity finding, the district court was required to sentence Pollard to imprisonment for five to forty years, and to supervised release for at least four years. See id. § 841(b)(1)(B). Without the drug quantity finding, Pollard would have faced up to twenty years in prison and at least three years of supervised release. See id. §

841(b)(1)(C). The district court[*] sentenced Pollard to eighty-seven months in prison and five years of supervised release. Because the indictment, jury instructions, and verdict form did not specify a drug quantity, Pollard contends his sentence violates Apprendi v. New Jersey, 530 U.S. 466 (2000) (other than the fact of an earlier conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt). We disagree. Pollard's prison sentence is less than the twenty-year statutory maximum allowable for conspiracy to distribute methamphetamine regardless of drug quantity in 21 U.S.C. § 841(b)(1)(C). Thus, Pollard's contention is foreclosed by our decision in United States v. Aguayo-Delgado, 220 F.3d 926 (8th Cir.), cert. denied, 121 S. Ct. 600 (2000), where we held sentences "within the statutory range authorized by § 841(b)(1)(C) without reference to drug quantity are permissible under Apprendi . . . even where the drug quantity was not charged in the indictment or found by the jury . . . beyond a reasonable doubt." Id. at 934. Likewise, Pollard's five-year term of supervised release does not exceed the life term authorized under § 841(b)(1)(C), and thus does not violate Apprendi. See Aguayo-Delgado, 220 F.3d at 933; United States v. Scott, 243 F.3d 1103, 1108 (8th Cir. 2001). Pollard contends Aguayo-Delgado was wrongly decided, but one panel of this court must follow the decision of an earlier panel until overturned by the court en banc. See United States v. Ortega, 150 F.3d 937, 947 (8th Cir. 1998).

Last, Pollard raises concerns for the first time about the possible prison sentence he could receive if his supervised release is revoked. Because the district court sentenced Pollard according to drug quantity under § 841(b)(1)(B), Pollard contends he was convicted of a Class B felony and would face a term of three years in prison if the court revokes his supervised release. See 18 U.S.C. § 3583(e)(3). Pollard argues that if he had been sentenced without regard to drug quantity, he would have been

---

[*]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

convicted of a Class C felony and would face not more than two years in prison if supervised release is revoked. See id. Pollard's asserts a sentence exceeding two years upon revocation of supervised release would violate Apprendi. As we have already explained, under Apprendi, Pollard could not have been sentenced to more than twenty years of imprisonment specified in 21 U.S.C. § 841(b)(1)(C). This default maximum corresponds to a Class C felony, permitting only a two year sentence if supervised release is revoked. See United States v. Rodgers, No. 00-1030, 2001 WL 355620, at *5 (7th Cir. Apr. 5, 2001). We need not decide whether Pollard could be sentenced to more than two years in prison upon revocation of supervised release, however. At this point, we do not know whether Pollard will violate the terms of his supervised release or whether, if he does, he will be sentenced to more than two years in prison for the violation. We thus decline to consider Pollard's assertion, which is speculative and not ripe for our review, and affirm Pollard's sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-