# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1913

_____

United States of America,      *
     *
     Appellee,      *    Appeal from the United States
     *    District Court for the Western
     v.      *    District of Missouri.
     *
Robert Earl Rush,      *      [UNPUBLISHED]
     *
     Appellant.      *

_____

Submitted: September 13, 2001

Filed: September 20, 2001

_____

Before WOLLMAN, Chief Judge, RICHARD S. ARNOLD and FAGG, Circuit
Judges.

_____

PER CURIAM.

Robert Earl Rush, for the second time, appeals his conviction and sentence for methamphetamine related crimes. On remand, the district court[*] properly resentenced Rush to 240 months' imprisonment because Rush's earlier amphetamine possession conviction raised the mandatory minimum penalty to twenty years' imprisonment under

_____

[*]The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri.

21 U.S.C. § 841(b)(1)(A). In this appeal, Rush again contends his sentence violates Apprendi v. New Jersey, 530 U.S. 466 (2000), because his earlier conviction, a fact which raised the mandatory minimum penalty, was not found by a jury. For the second time, we reject Rush's contention. See United States v. Rush, 240 F.3d 729, 731 (8th Cir. 2001). Apprendi clearly holds earlier convictions are excepted from the general rule that any fact increasing a penalty beyond the statutory maximum must be found by a jury beyond a reasonable doubt. Apprendi, 530 U.S. at 490; United States v. Aguayo-Delgado, 220 F.3d 926, 932 (8th Cir.), cert. denied, 121 S. Ct. 600 (2000). Although Rush invites us to re-evaluate the earlier-conviction exception in Apprendi, we are obliged to apply controlling Supreme Court precedent, see Rodriguez de Quijas v. Shearson/American Express, Inc., 490 U.S. 477, 484 (1989), and to follow decisions of earlier panels of this court, see United States v. Pollard, 249 F.3d 738, 739 (8th Cir.), cert. denied, 121 S. Ct. 1964 (2001). Besides, Apprendi does not apply where nonjury factual determinations raise the mandatory minimum penalty within the statutory range authorized by the jury's verdict. See United States v. McIntosh, 236 F.3d 968, 976 (8th Cir. 2001); Aguayo-Delgado, 220 F.3d at 933-34.

We thus affirm Rush's conviction and sentence. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-