# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3071

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Minnesota. |
| Steven Wayne Kurkowski, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  February 12, 2002

Filed:  March 5, 2002 (Corrected: 03/13/02)

_____

Before McMILLIAN, FAGG, and RILEY, Circuit Judges.

_____

FAGG, Circuit Judge.

Steven Wayne Kurkowski learned from a local cocaine dealer about an opportunity to buy large quantities of cocaine from a source in California. Kurkowski called the number provided by the local dealer and, after Kurkowski's initial request for one kilogram was rejected, arranged to buy half of a kilogram of cocaine from the California source. The California source is the local dealer's brother and also a convicted drug dealer who was cooperating with police in an effort to earn a downward departure for substantial assistance. The local dealer was not working with the police. Kurkowski paid almost $10,000 for the cocaine. The police, pretending to be the California source, sent Kurkowski a package in the mail

appearing to contain almost half a kilogram of cocaine (but containing mostly soap flakes).  After accepting delivery of the package, Kurkowski was arrested.  At trial, Kurkowski claimed he was entrapped by the police.  The district court[*] instructed the jury on entrapment and that it need not find drug quantity even though the indictment listed 500 grams of cocaine.  During deliberations, the jurors sent a written question to the district court asking whether they could consider the local dealer as well as the cooperating California source in the entrapment instruction.  The district court responded that the jurors had a complete package of instructions and were required to apply the law, not question its wisdom.  Kurkowski was convicted of attempted possession with the intent to distribute cocaine in violation of 21 U.S.C. § 841(a) (1994, Supp. IV 1998) and sentenced to sixty-three months imprisonment and five years supervised release.

Because Kurkowski's attorney did not file an appeal as Kurkowski requested, the district court vacated and reimposed the original sentence to give Kurkowski an opportunity to file a timely appeal.  See Kurkowski v. United States, No. 99-3176, 2000 WL 872982 (8th Cir. July 3, 2000) (remanding to district court for evidentiary hearing on whether Kurkowski requested an appeal).  Kurkowski now timely appeals his conviction and sentence, raising five points of error.  We consider and reject each in turn.

First, Kurkowski argues that he successfully established the entrapment defense as a matter of law.  We disagree.  In order to show entrapment as a matter of law, the evidence must clearly show the government agent developed the criminal plan and that  the defendant was not predisposed to commit the crime independent of the government's activities.  United States v. Brooks, 215 F.3d 842, 845 (8th Cir. 2000).  We conclude the record shows Kurkowski was not an innocent person corrupted by

---

[*]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

the government, but rather was predisposed to drug offenses independent of the government's activities. Kurkowski had bought distributable quantities of cocaine from the local dealer before, and after one phone call, was ready to purchase large quantities from a new source. Indeed, the note accompanying his short payment stating "I'll [catch] you on the next one," indicated an interest in additional drug buys. There is no basis for finding entrapment as a matter of law. Id. The issue was properly left to the jury, and the jury rejected the defense. United States v. Crump, 934 F.2d 947, 956 (8th Cir. 1991).

Second, Kurkowski argues the district court incorrectly admitted hearsay testimony about earlier bad acts when a police officer testified about an unnamed informant's story of Kurkowski's earlier drug sales. Because this testimony is relevant to Kurkowski's predisposition and the entrapment defense, Kurkowski claims it was prejudicial. Crump, 934 F.2d at 954. The Government argues the statement was admissible to show Kurkowski's predisposition for drug dealing and the reason for the police investigation and, if the testimony was mistakenly admitted, any mistake was harmless. Having reviewed the record, we conclude the challenged testimony was offered to rebut Kurkowski's entrapment claim that the government targeted him without reason. The testimony, then, was not offered to prove the truth of the matter asserted, thus was not hearsay. See United States v. Aikens, 64 F.3d 372, 376 (8th Cir. 1995), vacated on other grounds by 517 U.S. 1116 (1996). Even if the testimony was inadmissible hearsay and did not contain sufficient evidence to support a finding by the jury that Kurkowski offered to sell drugs as the informant alleged, we conclude any mistake was harmless. United States v. Davis, 154 F.3d 772, 778 (8th Cir. 1998) (holding out-of-court statements relating to reasons for investigation are not admissible where the reasons for the investigation are not at issue); United States v. Blake, 107 F.3d 651, 653 (8th Cir. 1997) (holding evidentiary rulings are subject to harmless error analysis); Crump, 934 F.2d at 954 (stating earlier bad act testimony is admissible under Fed. R. Evi. 404(b) if it is relevant, it is similar in kind and reasonably close in time, it is sufficient to support jury finding that

defendant committed the earlier bad act, and it is not so prejudicial to outweigh probative value).  Kurkowski's present attempt to buy a large quantity of cocaine, his note to the California source indicating he would buy more cocaine in the future, and his admission that he bought large quantities of cocaine in the past and distributed the drug to friends provide ample evidence to support the jury's rejection of Kurkowski's entrapment defense, regardless of the admission of the challenged statement.  United States v. Falls, 117 F.3d 1075, 1077 (8th Cir. 1997).

Third, Kurkowski argues the district court mistakenly excluded consideration of the local dealer's actions in the jury instructions and in response to the jurors' question specifically asking if they could consider the local dealer.  The district court submitted Eighth Circuit model jury instruction 9.01 on entrapment, replacing the clauses "(describe law enforcement officer or agents by name and capacity)" and "(officer or agent)" with the name of the cooperating California source because Kurkowski worked directly with that source, and the source was working with the police. The district court properly excluded the local dealer from consideration because the local dealer did not act on behalf, or at the request, of the police.  United States v. Hawk, No. 01-2200, 2002 WL 24222 (8th Cir. Jan. 10, 2002) (jury instructions not challenged at trial are reviewed for plain error); United States v. Squillacote, 221 F.3d 542, 573 (4th Cir. 2000) (holding an inducement to commit a crime by a private party who has no government involvement does not establish an entrapment defense), cert. denied, 121 S. Ct. 1601 (2001).  The instruction fairly and adequately submitted the case to the jury.  Gasper v. Wal-Mart Stores, Inc., 270 F.3d 1196, 1200 (8th Cir. 2001) (standard for review of jury instructions); see also Aikens, 64 F.3d at 375 (concluding model instruction 9.01 correctly states applicable entrapment law).

Fourth, Kurkowski claims his conviction is illegal under Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), because drug quantity was not submitted to nor found by a jury beyond a reasonable doubt.  We reject this argument because

Kurkowski's sixty-three month sentence does not exceed the twenty-year statutory maximum permitted by 21 U.S.C. § 841(b)(1)(C) (providing penalties without reference to drug quantity). United States v. Pollard, 249 F.3d 738, 739 (8th Cir.), cert. denied, 122 S. Ct. 411 (2001); United States v. Aguayo-Delgado, 220 F.3d 926, 934 (8th Cir.), cert. denied, 531 U.S. 1026 (2000).

Likewise, we reject Kurkowski's fifth argument that because of Apprendi, his five-year term of supervised release is inconsistent with Sentencing Guidelines §5D1.2. According to Kurkowski's argument, we must construe the penalty for Kurkowski's conviction without reference to drug quantity under § 841(b)(1)(C) in light of Apprendi, and not based on drug quantity under § 841(b)(1)(A) as Kurkowski was initially sentenced. Following this reasoning, Kurkowski argues the applicable term of supervised release under the Guidelines changes from three to five years for Class A felonies like § 841(b)(1)(A), see U.S.S.G. § 5D1.2(a)(1), to two to three years supervised release for Class C felonies like § 841(b)(1)(C), see id. § 5D1.2(a)(2). We conclude, however, that Apprendi does not require this result.

Apprendi requires that facts increasing a penalty beyond the prescribed statutory maximum must be submitted to a jury and found beyond a reasonable doubt. Apprendi, 530 U.S. at 490. Apprendi does not, however, require that all facts related to a penalty be submitted to a jury. Indeed, the Supreme Court stated:

> [w]e should be clear that nothing in this history suggests that it is impermissible for judges to exercise discretion–taking into consideration various factors relating both to the offense and offender--in imposing a judgment *within the range* prescribed by statute. We have often noted that judges in this country have long exercised discretion of this nature in imposing sentence *within statutory limits* in the individual case.

Id. at 481. The relevant statute, 21 U.S.C. § 841(b)(1)(C), mandates a term of at least three years supervised release. The statute, then, sets a mandatory minimum, but no maximum penalty, thus permitting supervised release terms from three years to life. Aguayo-Delgado, 220 F.3d at 933. Because Kurkowski's five-year term of supervised release does not exceed the life term authorized by § 841(b)(1)(C), Apprendi does not require submission to a jury of factors used to determine the penalty. See Pollard, 249 F.3d at 739; United States v. Scott, 243 F.3d 1103, 1107-08 (8th Cir. 2001). Instead, the sentencing judge retains discretion to consider relevant sentencing factors as determined by the Sentencing Guidelines. Other courts have held "a guideline factor, unrelated to a sentence above a statutory maximum or to a mandatory statutory minimum, may be determined by a sentencing judge and need not be submitted to a jury." United States v. Garcia, 240 F.3d 180, 184 (2d Cir.), cert. denied, 121 S. Ct. 2615 (2001); United States v. Williams, 235 F.3d 858, 863-64 (3d Cir. 2000), cert. denied, 122 S. Ct. 49 (2001). Indeed, we have already reviewed and upheld five-year terms of supervised release for convictions under § 841(b)(1)(C) in light of Apprendi. Scott, 243 F.3d at 1107-08.

We note that the law in this area is still evolving. The Second Circuit recently issued a soundly-reasoned opinion about statutory minimum penalties, holding that because the Sentencing Guidelines have the force of law, any fact which takes a sentence outside the Guidelines range must be found by a jury. United States v. Guevara, No. 00-1133, 2001 WL 1613512 (2d Cir. Dec. 18, 2001). In addition, the Supreme Court has recently granted certiorari on the related question of whether the fact of "brandishing", as used in 18 U.S.C. § 924(c)(1)(A), which results in an increased mandatory minimum sentence, must be alleged in the indictment and proved beyond a reasonable doubt. United States v. Harris, 243 F.3d 806 (4th Cir.), cert. granted, 122 S. Ct. 663 (Dec. 10, 2001). Until advised to the contrary by the Supreme Court, however, we conclude a sentencing judge's discretion to find facts relevant to sentencing within the statutorily permissible range has not been replaced by a requirement of jury fact-finding. Garcia, 240 F.3d at 184.

We thus affirm Kurkowski's conviction and sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.