In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-3278

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

VALERIAN N. LEWIS,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 07 CR 20115—**Michael P. McCuskey,** *Chief Judge.*

ARGUED DECEMBER 3, 2009—DECIDED MARCH 15, 2010

Before EASTERBROOK, *Chief Judge*, and MANION and
EVANS, *Circuit Judges*.

EVANS, *Circuit Judge*. A jury convicted Valerian Lewis
on a charge of attempting to possess, with intent to dis-
tribute, over 500 grams of cocaine. *See* 21 U.S.C.
§§ 841(a)(1), (b)(1)(B), 846. The jury also returned a
special verdict finding that the attempt to possess
involved over five kilograms of cocaine. Because this
was Lewis's second felony drug conviction, the drug

quantity finding triggered the imposition of a mandatory minimum sentence of 20 years.

Prior to trial, the government neglected to file an information pursuant to 21 U.S.C. § 851, which would have given Lewis notice of its intent to seek an enhanced penalty. Lewis appeals his sentence, arguing that the government's failure to comply with § 851 stripped the district court of its "authority" to impose the 20-year mandatory minimum sentence. This is not quite right, for even without a prior conviction Lewis faced a statutory sentencing range of 10 years to life for a conviction involving more than five kilograms of cocaine. So without regard to the filing of a § 851 information, the district court had the "authority" to impose the 20-year sentence that it ordered. Whether it should have done so, not its "authority" to do so, is the issue we consider on Lewis's appeal.

Lewis first found himself in federal court in 2002 when he was convicted of distributing cocaine and cocaine base. He received a 57-month sentence. In 2007, while on supervised release from his 2002 conviction, Lewis met with Fidel Sanchez at a McDonald's on Chicago's South Side. Lewis told Sanchez there was no cocaine to be found in the Fort Wayne (Indiana) area where he lived, so once Sanchez was "ready with the cocaine, he was going to be ready with the money." On December 3, Lewis and Sanchez set up a deal over the phone—Lewis would buy three kilograms of cocaine at the price of $18,000 per kilogram and receive another three kilograms on a consignment basis. The following day, Lewis

drove from Fort Wayne to Kankakee (Illinois), a trip of over 150 miles, to do the deal with Sanchez at a Hilton Inn. He brought $47,465 in cash with him to pay for the drugs. Unfortunately for Lewis, Sanchez was a confidential informant who had been working for the Drug Enforcement Agency for nearly 20 years. After Lewis arrived and met with Sanchez, DEA agents and Illinois police arrested him.

During pretrial proceedings, Lewis's prior conviction was mentioned many times. The criminal complaint issued the day after his arrest referred to it. Both the government and Lewis's defense counsel made note of it at his initial appearance before the district court. The magistrate judge detained Lewis prior to trial primarily because he was on supervised release for the prior conviction when he was arrested. And at Lewis's arraignment, the judge advised him of the enhanced penalty he faced given the 2002 conviction.

Additionally, Lewis filed two motions in limine seeking to prevent the government from introducing the conviction as Rule 404(b) evidence during the trial. The government's written response defended its use of the evidence and included the details of the 2002 prior conviction—the specific offense, jurisdiction, date of conviction, sentence, and release date. The district court denied the first motion in limine and granted the second one only in part. Lewis then filed a motion to reconsider, which the court granted, ruling that the government would not be able to introduce evidence of the prior conviction unless Lewis opened the door to it.

At sentencing, Lewis contested a two-level upward adjustment to his guideline range for his role in the offense. That was the only objection he lodged to the presentence report ("PSR"). Lewis acknowledged that he faced a mandatory minimum sentence greater than the 188 to 235 month range prescribed by the advisory guidelines under § 841(b) and the jury's drug quantity finding. No objection was made to the government's failure to file a § 851 information. The district court adopted the findings of the PSR and imposed 20 years, the mandatory minimum.

It is only now on appeal that Lewis contests the government's failure to comply with § 851 prior to trial. Section 851 requires the government to provide written notice when it intends to seek an increased punishment based on prior convictions. The government believes we need not reach the substance of Lewis's appeal, claiming that he waived his argument by affirmatively acknowledging the applicability of the mandatory minimum during his sentencing hearing. Waiver, of course, is the intentional relinquishment of a known right, whereas forfeiture is the failure to timely assert a right. *United States v. Garcia*, 580 F.3d 528, 541 (7th Cir. 2009). Waiver precludes review, but forfeiture allows review albeit only for plain error. *Id*. The government has a strong argument that Lewis waived his objection when he agreed that he faced the mandatory minimum sentence of 20 years. *See United States v. Staples*, 202 F.3d 992, 995 (7th Cir. 2000) (defendant waived the right to object when he knew he had a right to object to the calculation of his criminal history, knew the contents of the PSR, and affirmatively decided not to object).

But having said that, it ultimately does not matter whether we find waiver or forfeiture as Lewis's argument fails under plain error review. To meet this exacting standard, Lewis must show that the district court made a clear error, affecting his substantial rights. *United States v. Lane*, 591 F.3d 921, 926 (7th Cir. 2010). Obviously § 851 was violated. The government did not file an information. However, there is no prejudice here. The two main purposes of the § 851 information requirement are to give a defendant an opportunity to contest the accuracy of his prior convictions and to inform his decision on whether to plead guilty or proceed to trial. *Id*. at 927. We can't see how Lewis suffered from the lack of a formal notice. He was well aware of the prior conviction; it was the subject of the Rule 404(b) pretrial debate. Our analysis might be different if Lewis had pled guilty, expecting a lower sentence than § 841(b) would require. But he proceeded to trial. Plus, plain error review has a judicial discretion component. We only notice the error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id*. at 926 (quoting *United States v. Olano*, 507 U.S. 725, 732, 113 S. Ct. 1770, 1776 (1993)). The government's failure to file a § 851 information was a slipup to be sure, but it does not change the fact that Lewis had full knowledge of his prior conviction and the penalty he faced.

Accordingly, we AFFIRM the judgment of the district court.