In the

# United States Court of Appeals

### For the Seventh Circuit

No. 10-1148

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

COREY WEBSTER,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 09-CR-111-C-01—**Barbara B. Crabb**, *Judge*.

SUBMITTED NOVEMBER 17, 2010—DECIDED DECEMBER 2, 2010

Before COFFEY, FLAUM, and RIPPLE, *Circuit Judges.*

PER CURIAM. Corey Webster pleaded guilty to distrib-
uting heroin, *see* 21 U.S.C. § 841(a)(1), after making a
single sale in January 2008. Prior to the plea colloquy, the
government had filed an Information to enhance the
maximum prison term from 20 to 30 years and the mini-
mum term of supervised release from 3 to 6 years based
on a "prior conviction" for a felony drug offense. *See* 21
U.S.C. §§ 841(b)(1)(C), 851(a). That prosecution by Wis-

consin authorities arose from another heroin sale occurring several days before the current offense. Webster, though, did not plead guilty in state court until November 2008—11 months *after* he committed the federal crime—and in fact he was still waiting to be sentenced in state court when the district court sentenced him in this case to 151 months in prison and 6 years of supervised release.

Webster filed a notice of appeal, but his appointed lawyer has concluded that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Webster has not accepted our invitation to respond to counsel's motion. *See* CIR. R. 51(b). We limit our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Because Webster does not want his guilty plea vacated, counsel correctly forgoes discussing the voluntariness of the plea or the adequacy of the plea colloquy. *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002).

Counsel evaluates whether Webster could challenge his enhanced term of supervised release term on the ground that the government's Information is invalid. Under § 841(b)(1)(C) the enhanced penalties for other drug convictions apply only if the defendant committed the charged violation of § 841(a)(1) "after a prior conviction for a felony drug conviction has become final." As counsel recognizes, however, the Information is invalid because it relies on a conviction for a charge that had not even been filed when Webster committed the

federal crime and, indeed, still was not final on the date of the federal sentencing. Hence, it would appear that the district court erred in concluding that Webster was subject to a minimum of 6 years (and not 3) of supervised release. *See* 21 U.S.C. § 841(b)(1)(C).

Yet, counsel reasons that challenging the term of supervised release would be frivolous because § 851(c)(2) provides that "[a]ny challenge to a prior conviction, not raised by response to the information before an increased sentence is imposed in reliance thereon, shall be waived unless good cause be shown for failure to make a timely challenge." Otherwise, Webster's silence at sentencing might allow us to review the enhanced minimum penalty for plain error. *See United States v. Lewis*, 597 F.3d 1345, 1346-47 (7th Cir. 2010) (discussing whether defendant had waived, or simply forfeited, application of enhancement for prior conviction where government failed to file Information under § 851 but defendant had affirmatively conceded at sentencing that enhanced minimum sentence applied). But because of § 851(c)(2), counsel contends that we cannot review the issue at all. *See United States v. Dickerson*, 514 F.3d 60, 65 (1st Cir. 2008).

We have not addressed whether § 851(c)(2) blocks *all* appellate challenges to convictions that were not disputed in the district court, particularly those where, as here, the defendant could argue that the government relied on an offense that does not as a threshold matter meet § 841's *definitional* requirements for a "prior conviction." The language of § 851(c)(2) makes evident that

a challenge to the *validity* of a prior conviction is waived if no objection is made in the district court. *See* 21 U.S.C. § 851(c)(2); *Custis v. United States*, 511 U.S. 485, 491-92 (1994); *United States v. Thomas*, 348 F.3d 78, 88 (5th Cir. 2003) (applying § 851(c)(2) to waive defendant's challenge to prior conviction on ground of ineffective assistance of counsel). Other circuits have concluded, however that challenges of *any type* can be waived, including contentions that a conviction does not qualify as a "prior conviction." *See United States v. Law*, 528 F.3d 888, 908-09 (D.C. Cir. 2008) (relying on § 851(c)(2) in concluding that, by not raising issue in district court, defendant waived argument that prior drug convictions used for enhancement were not *felonies* as required by § 841); *United States v. Brooks*, 508 F.3d 1205, 1208-09 (9th Cir. 2007) (same); *United States v. VanDoren*, 182 F.3d 1077, 1082-83 (9th Cir. 1999) (relying on § 851(c)(2) in concluding that, by not raising issue in district court, defendant waived argument that drug conviction used for enhancement was not "final" when federal offense was committed); *United States v. French*, 974 F.2d 687, 696-97 (6th Cir. 1992) (same).

We do not have a decision on point, but that would not keep us from concluding that any attempt by Webster to skirt the effect of § 851(c)(2) would be frivolous. *See United States v. Lopez-Flores*, 275 F.3d 661, 662-63 (7th Cir. 2001) ("[A] ground of appeal can be frivolous even if there is no case on point—may be frivolous because, for example, of the clarity of statutory language, or even as a matter of common sense."). Yet we need not go so far in this case because, even if the potential issue is not

waived entirely by application of § 851(c)(2), the question is nevertheless frivolous when scrutinized under the plain-error standard. *See Lewis*, 597 F.3d at 1347. Under that standard Webster would have to prove that the district court committed an obvious error that affected substantial rights and undermined the fairness, integrity, or public reputation of judicial proceedings. *See United States v. Olano*, 507 U.S. 725, 732-34, 736 (1993)*.* The error here is clear and affected Webster's substantial rights since it led the district court to conclude that the minimum term of supervised release was six years, not three. *See United States v. Graham*, 317 F.3d 262, 265, 273-75 (D.C. Cir. 2003) (substantial rights affected where district court sentenced defendant under wrong subsection of § 841, leading to higher minimum term of supervised release). But Webster would be unable to persuade us that the court's error in calculating the minimum term of supervised release seriously affected the fairness, integrity, or public reputation of the proceedings and *must* be corrected. *See United States v. Mouling*, 557 F.3d 658, 667 (D.C. Cir. 2009). The district court's error here was inadvertent. As counsel notes, the district court followed the procedural requirements of § 851 and gave Webster notice of the proposed enhancement and an opportunity to challenge the use of the state distribution offense for enhancement. *See United States v. Lane*, 591 F.3d 921, 927 (7th Cir. 2010). And since *all* violations of § 841(a)(1) carry the potential for a life term of supervised release, *see United States v. Pollard*, 249 F.3d 738, 739 (8th Cir. 2001); *United States v. Eng*, 14 F.3d 165, 166, 168, 171-73 (2d Cir. 1994), the government's use of Webster's

state conviction for enhancement raised only the statutory minimum term. With or without the Information filed by the government, the district court could have imposed a term of six years or longer. Thus, we agree with appellate counsel that it would be frivolous to argue that the sentencing court committed plain error.

Finally, counsel considers whether Webster might argue that his prison sentence is unreasonably long. The district court specifically evaluated Webster's arguments in mitigation and the relevant factors in 18 U.S.C. § 3553(a). Webster's prison term is within the properly calculated guidelines range and thus is presumptively reasonable. *See Rita v. United States*, 551 U.S. 338, 350-51 (2007); *United States v. Moreno-Padilla*, 602 F.3d 802, 810 (7th Cir. 2010). Counsel has not identified a basis for setting aside that presumption, nor have we. Accordingly, we agree with counsel that a reasonableness challenge would be frivolous.

Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.