NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted March 10, 2011
Decided March 11, 2011

**Before**

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No.  10-3369

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 10 CR 30056 |
| FELICIA F. JOHNSON, *Defendant-Appellant*. | Michael J. Reagan, *Judge.* |

**O R D E R**

Felicia Johnson and her adult son stole two greeting cards from a residential mailbox. Johnson pleaded guilty to one count of mail theft and one count of possessing stolen mail, *see* 18 U.S.C. § 1708, and the district court sentenced her to a total of 24 months' imprisonment. (Her son pleaded guilty to the same charges and was sentenced to 12 months in prison.) Johnson appeals, but her appointed lawyer has concluded that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Johnson has not responded to counsel's motion. *See* CIR. R. 51(b). We limit our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Webster*, 628 F.3d 343, 344 (7th Cir. 2010). Johnson does not want to challenge her guilty plea, so counsel refrains from discussing potential challenges to its validity. *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002).

Under the terms of her plea agreement, Johnson waived all appellate challenges except for the reasonableness of a prison sentence "in excess of the Sentencing Guidelines as determined by the Court." The district court adopted the probation officer's calculations that Johnson's total offense level was 4 and her criminal history category was VI, based on 38 criminal history points—nearly three times the 13 points needed for placement in category VI. Johnson, who was 42 years old at sentencing, has 26 adult convictions, including a 2006 conviction for theft of mail, a 1988 conviction for possession of stolen mail, three other theft convictions, and 11 forgery-related convictions. The resulting imprisonment range was 6 to 12 months.

The district judge concluded that category VI understates Johnson's criminal history and explained that, when the guidelines were mandatory, he would have addressed similar situations by departing upward the equivalent of one offense level for every three criminal history points above 16. *See* U.S.S.G. § 4A1.3(a)(4)(B); *United States v. Ewing*, 129 F.3d 430, 437 (7th Cir. 1997). In Johnson's case, the judge observed, that methodology would have meant adding seven levels (38 less 16, divided by 3) for a total of 11, yielding an effective imprisonment range of 27 to 33 months. The judge noted that most of Johnson's convictions are for crimes similar to this case, and he emphasized the need to deter her from further crime, to punish her, and to protect the public. *See* 18 U.S.C. § 3553(a)(2). He concluded that, in light of Johnson's "egregious" history, he could not go along with the parties' recommendation of a 12-month sentence:

> As a result, under sentencing guideline 4A1.3, which the Court recognizes is advisory and discretionary, the Court believes that there is reliable information indicating that Ms. Johnson's criminal history category substantially under represents the seriousness of her criminal history and the likelihood that she will commit other crimes and, therefore, an upward departure is warranted, and I invoke the methodology again on a discretionary and voluntary basis under 4A1.3(a)(4)(b), entitled Upward Departures From Category VI, and I'm going to sentence her to a total term of incarceration of 24 months.

Appellate counsel first considers whether the district court erred in tabulating Johnson's criminal history points, making her sentence procedurally unreasonable. But Johnson's appeal waiver preserves only the right to challenge the reasonableness of a sentence in excess of the guidelines range "*determined by the Court*"; that language necessarily means she did not preserve the right to challenge the underlying calculation of the guidelines range, which is what counsel's proposed argument would entail.

Counsel also concludes correctly that it would be frivolous to challenge Johnson's sentence as substantively unreasonable. The district court considered Johnson's arguments

in mitigation but felt that those arguments were outweighed by the need to punish and deter Johnson and to protect the public. The court adequately explained its decision in the context of § 3553(a), and so we would conclude that the sentence was reasonable. *See United States v. Ellis*, 622 F.3d 784, 800 (7th Cir. 2010); *United States v. Vaughn*, 614 F.3d 412, 415 (7th Cir. 2010).

We GRANT counsel's motion to withdraw and DISMISS Johnson's appeal.