**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 7, 2020[*]
Decided December 8, 2020

*Before*

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-1802

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 12-cr-20050-JES-DGB |
| JULIANO MELGAREJO, <br> *Defendant-Appellant.* | James E. Shadid, <br> *Judge.* |

**O R D E R**

Juliano Melgarejo, an inmate at the Federal Correctional Institution in Oxford, Wisconsin, asked the district court to grant him an early release under 18 U.S.C. § 3582(c)(1)(A)(i). The court denied Melgarejo's motion, and because it did not abuse its discretion in determining that he had not demonstrated extraordinary and compelling circumstances, we affirm.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Melgarejo, who is 36 years old, is set to be released in June 2021. With fourteen months left in his sentence, he moved for compassionate release, asserting that his chronic medical condition—hypertension—puts him at especially high risk of complications from COVID-19. Further, he argued, prisons are particularly ill-suited to address the pandemic because of crowding, inadequate ventilation, and security issues.

The district court denied the motion, in relevant part, because Melgarejo had not established that extraordinary and compelling reasons justified his release.[1] The court acknowledged that other district courts had granted compassionate release to defendants who are immunocompromised or who have serious medical conditions that increase the likelihood of severe illness from COVID-19. And it stated that compassionate release might be appropriate when a particular institution is facing a serious outbreak of COVID-19 infections, the institution is unable to successfully contain the outbreak, and the movant's health conditions place him at significant risk. But, the court noted, Melgarejo's prison had no COVID-19 cases. Moreover, Melgarejo had not alleged that his hypertension was especially severe; indeed, his medical records showed that he sometimes refused hypertension medication. (The records note he did so because of the side effects and because he did not find it helpful.) The court therefore denied the motion.

On appeal, Melgarejo notes, first, that there are now cases of COVID-19 at FCI Oxford. He goes on to elaborate about his health condition: he emphasizes that he was not taking his hypertension medication because it was not helping him but causing side effects. He further asserts, for the first time, that he also has sickle-cell trait and high creatinine levels and that his Hispanic ethnicity makes him particularly vulnerable.[2]

----

[1] The district court also determined that Melgarejo had not exhausted his administrative remedies by first requesting compassionate relief from the Bureau of Prisons, as required by 18 U.S.C. § 3582(c)(1)(A). As the government admits, Melgarejo has now "satisfied the process," and, therefore, we consider only the district court's alternative decision on the merits. We need not address the parties' dispute over whether, in this context, a district court can excuse a failure to exhaust.

[2] Creatinine is a chemical waste product that can accumulate in the blood. *Creatinine Test.* MAYO CLINIC, (Nov. 17, 2020) https://www.mayoclinic.org/tests-procedures/creatinine-test/about/pac-20384646.

And finally, Melgarejo argues that, given the urgency of the pandemic, releasing as many prisoners as possible should be this court's priority.

A district court has the authority to determine whether "extraordinary and compelling reasons" warrant a federal prisoner's early release under § 3582(c)(1)(A)(i). *United States v. Gunn*, No. 20-1959, 2020 WL 6813995, at *2 (Nov. 20, 2020, 7th Cir. 2020). We review the denial of a motion for compassionate release only for abuse of discretion. *Id*. Based on what Melgarejo presented, we cannot conclude that the court abused its discretion when it concluded that he failed to show that the COVID-19 threat combined with his hypertension created extraordinary and compelling circumstances.

First, although there were no cases of COVID-19 at FCI Oxford when the district court considered his motion, the court did not rest its decision solely on the absence of cases; it also stated that "the mere presence of COVID-19 in a particular prison … cannot justify compassionate release." Second, its determination that Melgarejo had not shown that his individual circumstances were extraordinary and compelling was reasonable. The court concluded that although hypertension was a "risk factor" for COVID-19 complications, it could find no example of hypertension "and no comorbidities" leading to a compassionate release. And because Melgarejo did not show that his hypertension was especially severe, and he did not feel compelled to consistently take his medication, he did not meet his burden of demonstrating that his circumstances were extraordinary and compelling. Even if Melgarejo did not believe the medication helped, the district court could reasonably conclude, absent other evidence, that if he was sometimes refusing medication, his condition was not especially serious.

Melgarejo's introduction on appeal of evidence of his sickle cell trait and high creatinine does not change the analysis. He did not argue in the district court that these conditions warrant an early release and therefore cannot do so now. *United States v. Lewis*, 597 F.3d 1345, 1347 (7th Cir. 2010). In any case, he does not connect sickle cell trait (as distinguished from sickle cell anemia) or high creatinine with an increased risk of COVID-19 complications. If he has evidence of this, or evidence that his ethnicity is a risk factor, he must try anew to demonstrate to the Bureau of Prisons or the district court that his circumstances are extraordinary and compelling. Based on what he presented in the motion under consideration, though, the district court did not abuse its discretion.

AFFIRMED