**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-2975

_____

UNITED STATES OF AMERICA

v.

JAMES COUNTERMAN,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:18-cr-00241-001)
District Judge:  Honorable James M. Munley
(reassigned to Honorable Robert D. Mariani)

_____

Argued: October 20, 2020

Before:  GREENAWAY, JR., COWEN, and FUENTES,
*Circuit Judges.*
(Filed:  March 10, 2021)

_____

Peter Goldberger **[ARGUED]**
Pamela A. Wilk
50 Rittenhouse Place
Ardmore, PA 19003
        *Counsel for Appellant*

Todd K. Hinkley **[ARGUED]**
Office of United States Attorney
235 North Washington Avenue
P.O. Box 309, Suite 311
Scranton, PA 18503
        *Counsel for Appellee*

---

OPINION[*]

---

GREENAWAY, JR., *Circuit Judge.*

Congress has decreed that no person convicted of an offense under United States Code Title 21, Chapter 13, Subchapter I, Part D "shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court . . . stating in writing the previous convictions to be relied upon." 21 U.S.C. § 851(a)(1). Congress spoke plainly and unequivocally. Invoking the words "shall" and "unless" leaves little room for doubt regarding its intent.

After James Counterman entered a plea of guilty before the District Court to an offense under Part D, the Government submitted a putative "Information of Prior Convictions Pursuant to 21 U.S.C. § 851(a)." This filing (and two subsequent iterations) resulted in the imposition of an enhanced sentence, which Mr. Counterman now appeals. The Government urges us to affirm the sentence on the grounds that (1) Mr. Counterman received actual notice of the enhancement, albeit not in the form contemplated by § 851, and (2) the sentence imposed falls within the pre-enhancement range contemplated by statute and by the United States Sentencing Guidelines. In other words, the Government seeks an exception.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

We will not carve out an exception to Congress's straightforward rule. The filing of a 21 U.S.C. § 851(a)(1) information is mandatory, and a punishment may not be enhanced where the Government has failed to comply with the plain words of the statute. To hold otherwise would harm the substantial rights of defendants protected by the statute and would compromise the fairness of criminal proceedings. Stringent enforcement of the government's statutory duties is especially critical where, as here, an appellant lacks actual notice of the government's intent to rely on a particular prior conviction for an enhancement (and the attendant opportunity to contest the same, otherwise afforded by strict adherence to § 851). The importance of strict enforcement is also heightened here because Mr. Counterman waived his trial rights in favor of a guilty plea, and because the sentence imposed accounted for the enhancement.

Because the District Court erred in imposing an enhanced sentence when the § 851 notice was filed after the plea hearing, and because this error affected Mr. Counterman's substantial rights and the fundamental fairness of the proceeding, we will vacate the sentence and remand for resentencing consistent with this Opinion.[1]

## I

In 2018, the Government filed a two-count felony information charging Mr. Counterman with (1) a violation of Title 21, United States Code, § 841(a)(1) and (b)(1)(A),

---

[1] Because we find that the District Court committed error in allowing a late-filed § 851 information to influence its sentence, we need not address whether the underlying conviction in fact qualifies as a serious drug felony within the meaning of 21 U.S.C. § 802.

possession with intent to distribute ("PWID") in excess of 50 grams of methamphetamine; and (2) a violation of Title 18, United States Code, §§ 1956(a)(1)(B)(i) and 2, money laundering and aiding and abetting. A contemporaneously filed plea agreement stated that the PWID charge carried a mandatory minimum period of imprisonment of twenty years and supervised-release term of ten years.

In executing the plea agreement, Mr. Counterman signed an acknowledgement confirming he had "read [the] agreement and carefully reviewed every part of it with [his] attorney" and that he "fully underst[ood] it and . . . voluntarily agree[d] to it." J.A. 65. His attorney also attested to having reviewed the agreement with Mr. Counterman. Mr. Counterman also executed a "Defendant's Acknowledgement of Rights Waived by Guilty Plea." J.A. 78–81.

On November 29, 2018, Mr. Counterman appeared before the District Court for a plea hearing. At the plea hearing, the judge did not advise Mr. Counterman of any mandatory minimum penalty.[2] The judge confirmed Mr. Counterman had read the plea agreement, the agreement had been explained by counsel, and Mr. Counterman had no questions. Mr. Counterman then entered a plea of guilty to both counts of the information.

---

[2]    Mr. Counterman identifies multiple alleged deficiencies plaguing the plea colloquy, arguing that these shortcomings illustrate that he lacked actual notice of the enhancement or its basis. In addition to the failure to inform Mr. Counterman of the existence of any mandatory minimum penalty, which Mr. Counterman asserts violated Fed. R. Crim. P. 11(b)(1)(I), the terms of the plea agreement were not fully disclosed in open court at the time of the plea, as required by Fed. R. Crim. P. 11(c)(2).

The day after Mr. Counterman entered his plea,[3] the Government filed an "Information of Prior Convictions Pursuant to 21 U.S.C. § 851(a)" that indicated that the Government would seek an enhanced sentence based on two prior drug convictions. The Government filed an identical information the following month and then filed an updated § 851(a)(1) information on March 11, 2019. The last-filed information listed different charges from those set forth in the prior versions, apparently correcting errors therein.[4]

The Probation Office relied on the post-plea § 851 informations in preparing the pre-sentence investigation report ("PSR"), which was submitted on March 13, 2019 and adopted by the District Court without change. The PSR identified the guidelines term of imprisonment as 180 months, or fifteen years, consistent with the statutory minimum that came into effect because the PWID offense was deemed "enhanced" pursuant to 21 U.S.C. § 841(b)(1)(A).[5] *See* U.S. Sent'g Guidelines Manual §§ 5G1.1(b), 3D1.5 (U.S. Sent'g Comm'n 2018). Absent this enhancement, the mandatory minimum would have been ten

---

[3]    At Oral Argument, the Government conceded that the fact that the notice was late by only one day has no bearing on the outcome here. There is no principled basis for treating an information filed close in time after the entry of the plea differently from one filed much later. Congress has made clear that the relevant moment in time is the trial or (as here) the entry of a plea of guilty. 21 U.S.C. § 851(a)(1).

[4]    The revised charges were a Pennsylvania conviction for conspiracy to deliver cocaine, methamphetamine, and marijuana and an Oklahoma conviction for unlawful possession of a controlled substance and possession of drug paraphernalia. The Government concedes that the Oklahoma conviction is not a valid predicate offense for an enhancement. This kind of error exemplifies the necessity of allowing defendants timely notice and opportunity to contest the bases for contemplated enhancements.

[5]    The PSR also noted that the guidelines for supervised release and fines were enhanced.

years, 21 U.S.C. § 841(b)(1)(A), and the guidelines range would have been 135 to 168 months.

At the sentencing hearing, both parties informed the court that the "guideline range"[6] was 144 months. J.A. 122. Mr. Counterman moved unsuccessfully for a downward variance. The District Court imposed two concurrent terms of imprisonment of 144 months, to be followed by a ten-year period of supervised release. J.A. 132–33.

Mr. Counterman filed this timely appeal.

## II[7]

In *United States v. Isaac*, we left the standard of review for failure to object to § 851 deficiencies an open question, indicating uncertainty as to whether § 851(a)'s notice requirement is jurisdictional. 655 F.3d 148, 155–56 (3d Cir. 2011). We need not resolve that question today. The parties agree that plain error review applies in this case because the District Court clearly had jurisdiction to impose the sentence of 144 months. *See Puckett v. United States*, 556 U.S. 129 (2009); *United States v. Cotton*, 535 U.S. 625 (2002); *United States v. Flores-Mejia*, 759 F.3d 253 (3d Cir. 2014) (en banc).

In order to establish plain error under Federal Rule of Criminal Procedure 52(b), the appellant must show: "(1) an error occurred, (2) the error is 'plain,' and (3) [the error]

---

[6]   This language was imprecise. No "guideline range" applied after the enhancement; rather, the post-enhancement guidelines sentence was 180 months, and 144 months represented the Government's final sentencing recommendation.

[7]   The District Court had subject matter jurisdiction pursuant to 18 U.S.C § 3231. This Court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1).

6

'affect[s] substantial rights.'" *United States v. Payano*, 930 F.3d 186, 192 (3d Cir. 2019) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)) (second alteration in original). Where these first three prongs of plain error review are established, the court asks a fourth question: whether the error would "seriously affect[] the fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. at 732 (quoting *United States v. Young*, 470 U.S. 1, 15 (1985)). If the answer is yes, the court "should exercise its discretion to correct the error." *Payano*, 930 F.3d at 192.

**A. The Error Here Was Plain**

Section 851(a)(1) instructs:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or *before entry of a plea of guilty*, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. Upon a showing by the United States attorney that facts regarding prior convictions could not with due diligence be obtained prior to trial or before entry of a plea of guilty, the court may postpone the trial or the taking of the plea of guilty for a reasonable period for the purpose of obtaining such facts. Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence.

21 U.S.C. § 851(a)(1) (emphasis added).

Because the § 851 information was filed the day after Mr. Counterman entered his plea of guilty, the Government did not comply with 21 U.S.C. § 851(a)(1). The District Court therefore committed plain error by enhancing his sentence. This Court has required strict compliance with Section 851(a)(1). *See Isaac*, 655 F.3d at 155; *United States v. Weaver*, 267 F.3d 231, 246, 247 (3d Cir. 2001) ("The Requirements set out in § 851 are

7

mandatory and a district court may not impose an enhanced sentence unless the defendant has been notified of the 'strikes' in compliance with these provisions"; procedural requirements "explicit in the statute" are "strict."); *United States v. Salmon*, 944 F.2d 1106, 1131 n.12 (3d Cir. 1991) (because the government failed properly to file the § 851 information, the maximum imposable sentence did not include an enhancement), *overruled on other grounds by United States v. Caraballo-Rodriguez*, 726 F.3d 418 (3d Cir. 2013); *United States v. Grayson*, 795 F.2d 278, 287 n.9 (3d Cir. 1986) (statutory maximum penalty could not be enhanced where the defendant had a qualifying prior conviction but the government did not file a pretrial § 851 information).

Here, as in *Isaac*, the Government's failure to comply with § 851's procedural requirements precludes the imposition of an enhanced sentence. *Id.*[8] Because no pre-plea notice pursuant to § 851 was provided in this case, the application of a sentencing enhancement was plain error, and vacatur of the sentence is required.

---

[8] Some of our sister circuits have held that actual notice suffices in lieu of properly filed § 851 notice. *See, e.g.*, *United States v. Lewis*, 597 F.3d 1345, 1347 (7th Cir. 2010). This Court has expressed misgivings about extending the government such latitude. In *United States v. Rivas*, we characterized *Weaver* as holding that "compliance with § 851's filing and service requirements is mandatory, regardless of whether a defendant has actual notice of the government's plans to enhance his sentence." *United States v. Rivas*, 493 F.3d 131, 141 (3d Cir. 2007) (citing *Weaver*, 267 F.3d at 247). These pronouncements were dicta in *Rivas* and in *Weaver*, where we deemed the § 851 notice properly filed. *Id.* at 142; *Weaver*, 267 F.3d at 250. We do not address the adequacy of actual notice here because we find that no such notice existed.

**B. The Error Affected Mr. Counterman's Substantial Rights**

1. Mr. Counterman Did Not Receive Actual Notice

We need not decide here whether actual notice suffices to preserve a defendant's substantial rights for purposes of plain error review because we find that Mr. Counterman received no actual notice of the enhancements prior to entering his plea. *See Isaac*, 655 F.3d at 156–57 (recognizing circuit split vis-à-vis whether actual notice suffices in lieu of § 851-compliant notice on plain error review, but declining to reach issue because no record evidence of actual pre-trial notice existed). As a consequence of the lack of notice, Mr. Counterman's substantial rights were violated in at least two respects. First, Mr. Counterman did not have "sufficient notice to comply with due process," for he had no opportunity to contest the accuracy of that conviction or its validity as a predicate. *Weaver*, 267 F.3d at 247. Second, Mr. Counterman "was deprived of the opportunity to consider the effect of the enhancement on his decision [whether] to go to trial [or to enter a guilty plea]," which implicates "a substantial right enshrined by Congress." *Isaac*, 655 F.3d at 157.

The Government's primary basis for contending that Mr. Counterman had actual notice is that the terms of the plea agreement were consistent with an enhancement. The plea agreement noted the maximum sentence of incarceration for the PWID charge was a period of life, the minimum sentence of incarceration was twenty years, the minimum term of supervised release was ten years, and the maximum fine was $20,000,000, all of which tracked the enhancement language found in § 841(b)(1)(A), prior to amendment. The Government argues that the maximum fine, mandatory minimum, supervised release

sentences and the acknowledgement of rights that were presented to Mr. Counterman make sense only when viewed against the statute's enhancement provisions.

The plea agreement did not refer to an enhancement, prior convictions, or any future filing of an information or notice pursuant to § 851. Cross-references to the statute aside, the plea agreement's minimum and maximum terms did not actually notify Mr. Counterman that the Government would rely on a prior conviction in seeking an enhancement, let alone which conviction. Even so much as oral notice alerting Mr. Counterman to the Government's intention to seek an enhancement based on a past conviction is absent from the record. *See Isaac*, 655 F.3d at 156–57. Defects in the plea colloquy[9] further diminished the opportunity for any pre-plea elucidation of the terms of the agreement.

Given the paucity of relevant information disclosed to him, it would be unreasonable to assume that Mr. Counterman could have reverse-engineered his own notice from the terms of the plea agreement. This is highlighted by the fact that at the time the plea agreement was signed, the same mandatory minimum could have applied if the prosecutor intended to prove that the offense resulted in death or serious bodily injury. *See* 21 U.S.C. § 841(b)(1)(A). However, even if past convictions were the only conceivable basis for enhancement, the presence of enhanced terms in a plea agreement would be inadequate to provide notice for at least two independent reasons. First, enhanced terms do not betray *which* conviction undergirds the enhancement. Second, it is the Government's burden to

---

[9]    See n.2, *supra*.

10

establish the basis for an enhancement. *Id.* § 851(a)(1). To allow notice-by-inference, as the Government urges us to do here, would effectively institute a burden-shifting regime whereby the government, having provided mere hints and clues, could shunt its notice responsibilities onto a defendant, notwithstanding the defendant's lack of sophistication or actual knowledge. As we have stated in another context, "we reject that concept as an unwarranted dilution of [§ 851's] clear mandate." *See Dennis v. Sec'y*, 834 F.3d 263, 293 (3d Cir. 2016) (en banc). We will not require a defendant to divine her own notice by reading between the lines.

We decline, too, the Government's invitation to infer notice from Mr. Counterman's signed acknowledgment of understanding. We cannot assume that Mr. Counterman actually understood that his sentence might be enhanced based on a prior conviction simply because he certified his general understanding of the plea agreement's terms, which did not include the details required by § 851(a)(1). There is no evidence in the record that Mr. Counterman understood the maximum and minimum terms set forth in the agreement as signifiers that the Government would seek an enhancement based on a particular prior conviction. He may not even have recognized the terms as representing enhancements on top of the statutory defaults. One cannot always know the limits of one's own comprehension, and to treat such an attestation of understanding as dispositive—potentially creating a broad and jurisprudentially dubious waiver rule—would insult the importance of the rights § 851(a)(1) protects.

Without concrete, explicit, and specific detail as to which prior conviction the Government contemplated as a predicate, Mr. Counterman and his counsel were unable to

assess both (1) whether Mr. Counterman had actually been convicted of the crime and (2) whether the conviction, if valid, was a qualifying predicate under the First Step Act. *See* 21 U.S.C. §§ 841(b)(1)(A), 802(57). Mr. Counterman was therefore bereft of the opportunity to contest the basis for the enhanced penalties. *Cf.* 21 U.S.C. § 851(b), (d).

*Weaver* teaches that this constituted a denial of his due process rights. Describing the threshold for satisfying due process, we stated, "[o]ur inquiry must be whether the information which was filed provided [the defendant] reasonable notice of the government's intent to rely on a particular conviction and a meaningful opportunity to be heard." *Weaver*, 267 F.3d at 247 (quoting *Perez v. United States*, 249 F.3d 1261, 1266 (11th Cir. 2001)) (alterations in original). Thus, there can be no argument that mere knowledge of the sentence he faced—or even knowledge that it was an enhanced sentence, which has not been established here—would have sufficed to protect Mr. Counterman's fundamental right to due process.

Moreover, the information contained in the plea agreement was insufficient to "inform [Mr. Counterman's] decision on whether to plead guilty or proceed to trial," which has been recognized as a key purpose of § 851. *Isaac*, 655 F.3d at 156 n.8; *see United States v. Lewis*, 597 F.3d 1345, 1347 (7th Cir. 2010). If Mr. Counterman did not know that the terms in the plea agreement were enhanced or why, he may have believed those terms represented the most favorable outcome available to him based solely on the charged conduct. This fundamental misconception would have undermined his ability to make an

informed decision regarding whether to enter a plea agreement or to exercise his right to put the Government to its proof in a jury trial.[10]

In summary, Mr. Counterman was not afforded notice equivalent to what he would have received had the Government met its obligations pursuant to § 851(a)(1). In the absence of such notice, he suffered injury to his substantial rights to due process (here, meaningful opportunity to contest the basis for the enhancement) and to consider the implications of the enhancement with respect to his decision to enter a guilty plea.

2. Because Mr. Counterman's Punishment Was Increased, It Is Immaterial that the Sentence Imposed Did Not Exceed the Pre-Enhancement Guidelines Range or the Post-Enhancement Mandatory Minimum

In addition to arguing that Mr. Counterman had actual notice, the Government insinuates that his substantial rights were not violated because the 144-month sentence Mr. Counterman received was below the mandatory minimum for an enhancement. This sentence, however, was based on a twenty percent downward revision. There is no indication that Mr. Counterman would not have received a twenty percent downward revision from the pre-enhancement minimum. Pre-enhancement, the statutory minimum prison sentence was ten years, or 120 months, 21 U.S.C. § 841(b)(1)(A), and the low end of the applicable guidelines range was 135 months. Even without a downward variance or departure, either of these is less than 144 months, indicating a strong possibility that Mr.

---

[10] Mr. Counterman's failure to withdraw his plea cannot be viewed as evidence that his substantial rights were not affected. Section 851 protects a defendant's *initial* decision to go to trial or plead, *Isaac*, 655 F.3d at 156–57, irrespective of whether that decision could later be withdrawn. The lack of objection here simply results in the application of plain error review.

Counterman might have received a lower sentence in the absence of an enhancement. *See United States v. Husmann*, 765 F.3d 169, 177 (3d Cir. 2014) (error affected substantial rights because but for the error, the defendant "would have been subject to a lower base offense level and a reduced guideline range"); *United States v. Knight*, 266 F.3d 203, 207 (3d Cir. 2001) ("application of an incorrect guideline range resulting in a sentence that is also within the correct range . . . presumptively" affects substantial rights). Thus, we find that Mr. Counterman was "sentenced to increased punishment" in contravention of § 851(a)(1).

*Isaac* buttresses this conclusion. There, we reversed on plain error review, finding that the defendant "was prejudiced because he was not . . . informed [of the government's intent to seek an enhancement] and therefore was deprived of the opportunity to consider the effect of the enhancement on his decision to go to trial—a substantial right enshrined by Congress." *Isaac*, 655 F.3d at 157. Yet there, the defendant-appellant *actually had* exercised his right to a jury trial. We also recognized that our decision would "not alter Isaac's overall sentence," because he was under other concurrent sentences longer than the vacated one (including a life sentence) arising out of different counts. *Id.* If substantial rights were violated in *Isaac*, where there was no discernible substantive effect on the outcome, surely the same rights were violated here, where Mr. Counterman actually sacrificed his trial rights and potentially received a higher sentence than he would have but for the enhancement.

14

**C. The Error Warrants Reversal Under *Olano*'s Fourth Prong**

Finally, the fourth prong of plain error review is satisfied:  this error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  *Olano*, 507 U.S. at 736 (quoting *United States v. Atkinson*, 297 U.S. 157, 160 (1936)) (alteration in original).  We have recognized that "§ 851 is not merely hortatory; it is important to hold the Government to the congressionally imposed requirements."  *Isaac*, 655 F.3d at 157.  Our Court's treatment of this statute as mandatory reflects the belief that adherence to it is critical to the fairness and integrity of judicial proceedings.  *See Isaac*, 655 F.3d at 155, 157.  Because the statute was flouted here, with real consequences for Mr. Counterman's substantial rights, we shall exercise our discretion to correct the error.

**III**

For the foregoing reasons, we will vacate the sentence and remand for resentencing consistent with this Opinion.